767 F.2d 920
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN KYLE, PLAINTIFF-APPELLANT,
v.
STEAMFITTER'S LOCAL UNION NO. 614, JAMES M. RYAN,
INDIVIDUALLY AND THE BOARD OF ADMINISTRATORS OF
THE STEAMFITTER'S LOCAL UNION NO. 614
PENSION PLAN AND TRUST,
DEFENDANTS-APPELLEES.
 NO. 84-5530
 United States Court of Appeals, Sixth Circuit.
 6/26/85
 
 W.D.Tenn.
 REVERSED AND REMANDED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
 BEFORE: CONTIE and MILBURN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant John Kyle appeals the order of the district court dismissing his complaint without prejudice because it was not served within one hundred twenty (120) days after filing as required by Fed. R. Civ. P. 4(j). In so ruling, the district court found that the plaintiff failed to demonstrate 'good cause' why service was not timely made as required by Fed. R. Civ. P. 4(j). For the reasons that follow, we reverse and remand.
 
 
 2
 On November 15, 1982, plaintiff filed his complaint in an action alleging brench of the duty of fair representation, violation of ERISA, and age discrimination. Summonses were issued to the defendants on November 19, 1982, but the defendants were not served with process until August 30, 1983.
 
 
 3
 The district court sustained the defendants' motion to dismiss relying upon Fed. R. Civ. P. 4(j) which provides in relevant part:
 
 
 4
 If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party . . . cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice.
 
 
 5
 Pertinent to our decision is the fact that after the complaint was filed, but before it was served, amended Fed. R. Civ. P. 4(j) went into effect on February 26, 1983. While, as stated above, Rule 4(j) provides that if service is not made within one hundred twenty (120) days after the filing of the complaint and the plaintiff cannot show 'good cause' for the delay, the action shall be dismissed, there was nothing in Rule 4, prior to the amendment, limiting the time after the filing of a complaint in which to serve the summons.
 
 
 6
 An identical problem was considered by the court in Verri v. State Automobile Mutual Insurance Company, 583 F. Supp. 302 (D.R.I. 1984). In considering whether or not the amended Rule 4(j) should be applied retroactively, the court looked to Congressional intent and stated:
 
 
 7
 The bill itself does not indicate whether the limit should apply to a complaint filed before its effective date but on which service is not made until after its effective date. Neither the House nor the Senate submitted a report with the legislation; however, Congressman Edwards, a member of the House Judiciary Committee, did submit asection-by-section analysis of the bill to the Congressional Record which indicates that the new Rule 4 was not intended to apply to complaints which had been filed but not served before the effective date of the amendments. 128 Cong.Rec. H9848 (Dec. 15, 1982), reprinted in 1982 U.S. Code Cong. & Ad. News 4434, 4447 ('The delayed effective date means that service of process issued before the effective date will be made in accordance with current [(as of December 15, 1982)] Rule 4.'); D. Siegel, Practice Commentary on Amendment of Federal Rule 4 (Eff. Feb. 26, 1983) with Special Statute of Limitations Precautions, 96 F.R.D. 88, 93 (1983) (interpreting the new Rule 4 to apply only to summonses issued on or after February 26, 1982). Although statements by individual congressmen are generally not entitled to great weight when divining legislative intent, this Court adopts Congressman Edwards' analysis since it seems unduly harsh to dismiss a complaint for failure to comply with a rule not in existence when it was filed--especially absent a clear statement from Congress that it intended this result.
 
 
 8
 Id. at 306. See also Peters v. W. E. Bliss Co., 100 F.R.D. 341 (E.D. Pa. 1983).
 
 
 9
 Although the plaintiff insisted that the defendants were not prejudiced by any delay in their being served with process, the issue of prejudice to the defendant was not considered by the district court as would have been proper had it applied former Fed. R. Civ. P. 4 to this case. Accordingly, as the complaint herein was filed and service of process issued before the effective date of amended Rule 4(j), we hold that former Fed. R. Civ. P. 4 rather than Fed. R. Civ. P. 4(j) was applicable to the district court's decision on the defendants' motion to dismiss, and, further, as the issue of prejudice to the defendants was not considered by the district court, the judgment of the district court dismissing the plaintiff's complaint is REVERSED, and this cause is REMANDED for the court's consideration of the issue of prejudice to the defendants under former Fed. R. Civ. P. 4.