**Robert PETERS**

v.

**E.W. BLISS CO., A DIVISION OF GULF & WESTERN, INC.**

Civ. A. No. 82–1998.

United States District Court,
E.D. Pennsylvania.

Oct. 26, 1983.

Benjamin Kuby, Klovsky, Kuby & Harris, Philadelphia, Pa., for plaintiff.

Austin Hogan, White & Williams, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

VANARTSDALEN, District Judge.

Plaintiff's complaint, filed on May 5, 1982, alleges that he was injured as a result of defendant's negligent design and manufacture of a certain press machine. Jurisdiction of this court is alleged pursuant to the diversity requirements of 28 U.S.C. § 1332 (1976). Although the plaintiff's complaint was filed on May 5, 1982, service of process on defendant was not effected until August 25, 1983. Defendant E.W. Bliss Co. (Bliss) has moved this court, pursuant to Federal Rule of Civil Procedure 12(b)(5), to dismiss plaintiff's complaint for insufficiency of service. For the reasons set forth hereinafter, defendant's motion to dismiss will be denied.

The resolution of this apparently simple question has been complicated somewhat by the passage of the Federal Rules of Civil Procedure Amendments Act of 1982 (FRCPAA), Pub.L. No. 97–462, 96 Stat. 2527, which, inter alia, amended Rule 4 of the Federal Rules of Civil Procedure. Prior to the FRCPAA, Rule 4 of the Federal Rules of Civil Procedure did not provide for a specified time limit between the filing of the complaint and service of process on the defendant. In the absence of a fixed standard, courts inquired on an ad hoc basis whether plaintiff exercised due diligence and whether the delay had substantially prejudiced the defendant. *See H. Alpers & Associates v. Omega Precision Hand Tools, Inc.,* 62 F.R.D. 408 (E.D.Pa.1974).

As of February 26, 1983, however, Rule 4 of the Federal Rules of Civil Procedure was amended by the FRCPAA to provide, inter alia:

SUMMONS: TIME LIMIT FOR SERVICE. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

Fed.R.Civ.P. 4(j).[1]

The initial question to be decided is which rule applies to plaintiff. At the time plaintiff filed his complaint, May 5, 1982, the Federal Rules did not provide for a time limit concerning service of process. When plaintiff finally served defendant on August 25, 1983, the Federal Rules had, since February 26, 1983, required service to be within 120 days absent good cause.

The amendment to Rule 4 does not expressly state whether it is to be applied to actions commenced before its effective date. I will, therefore, look to the legislative history to determine Congressional intent. The legislative history to the FRCPAA provides in part:

Section 4 of the bill provides that the changes in Rule 4 made by H.R. 7154 will take effect 45 days after enactment, thereby giving the bench and the bar, as well as other interested persons and or-

---

1. Defendant's counsel mistakenly believed that the amendments to Rule 4 were not to go into effect until October 1, 1983. The mistake is somewhat understandable. On April 28, 1982, the Supreme Court transmitted proposed amendments to Rule 4 to Congress. Pursuant to 28 U.S.C. § 2072 those amendments would have taken effect August 1, 1982, 90 days after transmittal unless contrary legislation was enacted. In order to consider numerous criticisms about the proposed amendments, Congress enacted Pub.L. No. 97–227, 96 Stat. 246 (Federal Rules of Civil Procedure, Amendments, Delay Act) which postponed the effective date of the proposed amendments to October 1, 1983, unless previously approved, disapproved or modified by Congress. Congress then modified the proposed amendments in the Federal Rules of Civil Procedure Amendments Act, Pub.L. No. 462, 96 Stat. 2527. The FRCPAA was approved by the President on January 12, 1983, and by its own terms became effective 45 days later on February 26, 1983. Thus, Rule 4(j) has been in effect since February. The FRCPAA also provided that the Federal Rules of Civil Procedure, Amendments, Delay Act would not take effect, thus obviating the October 1, 1983 date. *See* Federal Rules of Civil Procedure Amendments Act, H.R. 7154, 97th Cong., 2d Sess., *reprinted in* 1982 U.S.Code Cong. & Ad.News 4434–48.

ganizations (such as the Marshals Service), an opportunity to prepare to implement the changes by the legislation. *The delayed effective date means that service of process issued before the effective date will be made in accordance with current Rule 4.* Accordingly, all process in the hands of the Marshals Service prior to the effective date will be served by the Marshals Service under the present rule. Federal Rules of Civil Procedure Amendments Act, H.R. 7154, 97th Cong. 2d Sess., *reprinted in* 1982 U.S.Code Cong. & Ad.News 4446–47 (emphasis added). The legislative history to the recent amendments to Rule 4 specifically provides that service of process *issued* before the effective date will be made in accordance with the old rule. According to Rule 4 of the Federal Rules of Civil Procedure, a summons is issued upon the filing of the complaint. Fed.R.Civ.P. 4(a).[2] Although the legislature's terminology is somewhat ambiguous, I believe the reference to "service of process issued before the effective date" means issuance of the summons by the clerk upon the filing of the complaint. As the complaint in the present action was filed well before the effective date and a summons therefore issued, it is to be governed by Rule 4 without the February 26, 1983 amendments.

■ As has been stated earlier, prior Rule 4 did not specify a time period within which process had to be served after the complaint was filed. Courts therefore inquire on an ad hoc basis whether plaintiff exercised due diligence and whether the delay substantially prejudiced the defendant. *H. Alpers & Associates,* 62 F.R.D. at 411 (E.D.Pa.1974).

Since sixteen months have elapsed between the filing of the complaint and service on the defendant, one would be hard pressed to say that the plaintiff in this action exhibited "due diligence." However, plaintiff's counsel has alleged that "[d]elay

in service was not intentional on the part of counsel but unfortunately resulted from misplacement of the file during the relocation of counsel's office during 1982 and 1983." There is no allegation by defendant Bliss that plaintiff's delay in service was an intentional ploy to disadvantage defendant. Therefore, although plaintiff may not have exhibited "due diligence," neither was there any intent to gain an advantage by the delay. Be that as it may, the second requirement, that the delay substantially prejudice the defendant, is dispositive in this case.

Defendant has alleged that plaintiff's lack of diligence "has prejudiced the defendant in its ability to fully and fairly defend itself against the plaintiff's allegations." Specifically, defendant claims it has been prejudiced because the recollection of witnesses and the condition of the machine will have deteriorated and because it will be prejudiced in other ways it "cannot [know] at this time."

■ Bliss contends that the passage of time has caused it such prejudice as to warrant dismissal of the action. Loss of memory of a witness due to the passage of time does not necessarily prejudice the defendant. *See Nealey v. Transportacion Maritima Mexicana, S.A.,* 662 F.2d 1275, 1281 (9th Cir.1980). Indeed, in *Nealey* Judge Blumenfeld astutely pointed out that the "evidentiary doctrines of 'past recollection refreshed' and 'present recollection recorded' exemplify how insignificant a loss of memory can be." *Id.* at 1281. Bliss' generalized allegation that it has been prejudiced by loss of witnesses' memory is not persuasive. Bliss makes a non-specific allegation that it has been prejudiced by the delay because of changed conditions of the machine. If there have been changed conditions, such may present a greater burden on plaintiff than the defendant. It is part of plaintiff's case to prove the machine was

2. Prior to the February 26, 1983 amendments, Federal Rule of Civil Procedure 4(a) provided: "Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it." Effective Febru-

ary 26, 1983, it was changed to provide delivery of the summons to plaintiff or the plaintiff's attorney. However, the old rule and rule as amended both provide for issuance upon the filing of the complaint.

defective on May 8, 1980. If the machine has deteriorated since then, it seems to me that such condition would be more of a hindrance to plaintiff's case as he must establish its condition on May 8, 1980 and not thereafter. Also, even if plaintiff had promptly served defendant, there still would have been an inevitable passage of time, even though not as great. Defendant has not shown that it was the delay in service rather than the passage of time from the date of the occurrence which caused the alleged prejudice. *Cf. Bersch v. Drexel Firestone, Inc.,* 389 F.Supp. 446, 464 (S.D.N.Y.1974).

As to defendant's general allegation that it has been prejudiced in ways unknown to it at the present time, the lack of specificity leaves only speculation.

Under the applicable standard, in every case of delay the court should consider whether there has been a loss of *evidence* and a loss of memory. *Nealey,* 662 F.2d at 1281. The court must also decide if any such losses are significant. *Id.* The mere allegation of loss of memory is ameliorated by evidentiary devices and is not substantial. There has been no allegation of any specific loss of evidence, which would be more serious. Defendant has not shown any substantial prejudice.