UNITED STATES of America, Plaintiff,

v.

JACK COZZA, INC., Defendant.

No. 83 Civ. 6861 (DNE).

United States District Court,
S.D. New York.

June 18, 1985.

Rudolph W. Giuliani, U.S. Atty., S.D.
N.Y., Gerald T. Ford, Asst. U.S. Atty., New
York City, for plaintiff.

David H. Singer, New York City, for
defendant.

OPINION AND ORDER

EDELSTEIN, District Judge:

This is a civil action commenced by the
government to reduce to judgment certain
federal tax liabilities assessed against Jack
Cozza, Inc. Jurisdiction is conferred on
this court pursuant to 28 U.S.C. §§ 1340
and 1345.

The complaint incorporates by reference
a schedule of unpaid tax liability for a
number of periods. By partial consent
judgment filed April 15, 1985, defendant
consented to the entry of judgment for
every period listed in the schedule except
one. Defendant contends that the govern-
ment's claim for the first period in ques-
tion, the quarter ended June 30, 1977, is

barred by the statute of limitations.[1] Both parties agree that the statute of limitations for that quarter expired September 19, 1983, which is the date the government commenced this action by filing the complaint. Fed.R.Civ.P. 3. Defendant contends that it was not properly served with the summons and complaint within the 120-day period provided by Rule 4(j) of the Federal Rules of Civil Procedure. Rule 4(j) provides for dismissal of the complaint without prejudice; however, defendant contends that because the statute of limitations for the quarter in question expired September 19, 1983, any new complaint would be time-barred. The partial consent judgment filed April 15, 1985 states that the statute of limitations question is the only disputed issue in the case.

The government contends that the United States Marshal served the defendant by mail with the summons and complaint and the Marshall's form 299, entitled "Notice and Acknowledgment by Mail" (hereinafter referred to as "Acknowledgement Form 299"), pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii). The government further contends the defendant received Acknowledgement Form 299 but failed to complete it and return it to the government. Accordingly, under *Morse v. Elmira Country Club*, 752 F.2d 35 (2d Cir.1984), the government contends that the complaint is not barred by the statute of limitations.

On April 9, 1985, the court held an evidentiary hearing to determine when and if proper service was made. The parties have filed proposed findings of fact and conclusions of law. The court has reviewed the testimony and exhibits and considered the credibility of the witnesses. Pursuant to Rule 52 of the Federal Rules of Civil Procedure, the court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

The government timely commenced this action on September 19, 1983 by filing a complaint with the Clerk of the Court. On that same day and pursuant to standard procedure of the United States Attorney's Office, counsel for the government delivered the summons and complaint to the United States Marshal for service on the defendant, Jack Cozza, Inc.[2] The Marshal's office acknowledged receipt of these documents on September 19, 1983. The government requested the Marshal to serve the corporate defendant's president, Jack Cozza, pursuant to Rule 4(d)(3) of the Federal Rules of Civil Procedure.[3] The government prepared two sets of Marshal's Form 285 for service on Mr. Cozza, one at his residence, the other at his corporate address.

On September 27, 1983, Barbara K. Starrett of the Marshal's service, who testified at the hearing, mailed a copy of the summons and complaint and Acknowledgement Form 299 to Mr. Cozza at his residence and at his corporate address. Ms. Starrett followed standard office procedure, whereby she mails to the addressee a summons and complaint, three copies of the Acknowledgement Form 299 and a return envelope, and retains a copy of the form for her files. Acknowledgement Form 299 states that the recipient "must complete the acknowledgement part of this form and return one copy of the completed form to the sender

---

1. Defendant has not filed an answer to the complaint. Moreover, defendant has not made a motion to dismiss the complaint. Defense counsel did not apprise the court that he would be making the statute of limitations defense until April 3, 1985, at a pre-trial status conference scheduled by the court.

2. The Assistant United States Attorney assigned to this case did not testify at the hearing. On April 15, 1985, however, he filed a declaration which outlines the procedures he filed in this action. The facts as set forth in his declaration are corroborated by the testimony of employees from the United States Marshal's Office and by government exhibits admitted at the hearing.

3. Rule 4(d)(3) provides that service shall be made on a domestic corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."

within 20 days." The Marshal's Service never received a completed Acknowledgement Form 299 from Mr. Cozza, nor were the Acknowledgement Forms 299 ever returned to the Marshal by the post office as undeliverable.

Mr. Cozza admits receiving the Acknowledgement Form 299 and, in fact, produced a copy of the document at his July 26, 1984 deposition pursuant to the government's document request. Mr. Cozza, however, testified that he only received the form after the 120-day period had expired. The weight of the credible evidence, however, contradicts Mr. Cozza's testimony.

On December 20, 1983, Ms. Starret noted that the Acknowledgement Form 299 had not been returned and thus "set up" a summons and complaint for personal service. This was approximately one month before the expiration of the 120-day period, on January 17, 1984. Ms. Starret's procedure for arranging for personal service is to deliver the summons and complaint and Marshal's Form 285 to a deputy Marshal. She does not give the deputy a copy of Acknowledgement Form 299. The deputy unsuccessfully attempted to serve defendant at his corporate address on January 30, 1984 and at his residence on February 15, 1984 and March 2, 1984. These attempts were made after the 120-day period had expired. Ms. Starret testified that the delay in attempting personal service was due to the backlog of complaints for personal service, the intervening holidays and the processing delay resulting from transmission of the papers to the Marshal's Office in White Plains for service.

On January 19, 1984, counsel for the government received this court's January 18, 1984 notice that a pre-trial conference had been scheduled for February 6, 1984. This notice, a form which the court sends to plaintiff's counsel in every action after the filing of the complaint, also provides that under Judge Edelstein's rules and procedures, the complaint must be served upon all defendants within thirty days of the commencement of the action, unless leave of court is granted. Upon receipt of the notice, plaintiff's attorney contacted the Marshal's office and learned that the summons and complaint still had not been personally served. By letter dated January 30, 1984, counsel for the government requested the Internal Revenue Service ("I.R.S.") to have a revenue officer personally serve Mr. Cozza.

By letter dated January 26, 1984, counsel for the government sent Mr. Cozza a copy of the notice of pre-trial conference and the summons and complaint in this action. The letter states that the "United States Marshal has previously mailed this material to you but to date you have not responded." On February 2, 1984, Mr. Cozza's wife, Anita Cozza, who testified at the hearing, telephoned counsel for the government in response to the letter of January 26, 1984. Mrs. Cozza's notes of that conversation do not indicate that she denied the statement in the government's letter that the Marshal had previously mailed Mr. Cozza a copy of the summons and complaint. Moreover, Mrs. Cozza did not testify that she denied the statement in the government's letter during her conversation with the government's attorney on February 2, 1984. Mrs. Cozza also testified that she did not remember whether the government's letter of January 26, 1984 contained a copy of the Acknowledgement Form 299, originally mailed in September 1983. In an undated certified letter, mailed sometime during February 1984, Mr. Cozza sent a letter to plaintiff's counsel enclosing copies of documents relating to the merits of the case. That letter does not deny the statement in the government's letter of January 26, 1984 that the Marshal had previously mailed Mr. Cozza a copy of the summons and complaint.

On February 3 and 7, 1984, I.R.S. Revenue Officer John Felske unsuccessfully attempted personal service on Mr. Cozza at his residence. On February 14, 1984, Revenue Officer Felske again attempted personal service at the Cozza residence. Cheryl Cozza, Mr. Cozza' daughter and another witness at the hearing, answered the door and stated that her parents were not home.

Mr. Felske's instructions were to leave the papers with Mr. or Mrs. Cozza. After Cheryl Cozza closed the door, Mr. Felske affixed a copy of the summons and complaint to the door handle. Mr. Felske did not leave an Acknowledgement Form 299 at the Cozza residence and testified that the first time he had ever seen an Acknowledgement Form 299 was when the government's attorney showed it to him before the hearing.

On April 9, 1984, Deputy Marshal David Romeo, who also testified at the hearing, gave a copy of the summons and complaint to Cheryl Cozza at Mr. Cozza's residence. Deputy Marshal Romeo did not give Cheryl Cozza an Acknowledgement Form 299. Nor did he affix it to the door.

### CONCLUSIONS OF LAW

■ In *Morse v. Elmira Country Club*, 752 F.2d 35 (2d Cir.1984), the Court of Appeals for the Second Circuit held that Rule 4(c)(2)(C)(ii) does not render "void a received-but-unacknowledged mail service," and that "service may be effective without a return." *Id.* at 39–40. It is undisputed that this action was timely filed. Accordingly, if the court finds that defendant was served by mail within the 120-day period, defendant cannot rely on the statute of limitations defense. Based on the evidence presented, the court finds that defendant was served with the summons and complaint and the Acknowledgement Form 299 at the end of September 1983, well within the 120-day period.

■ The mailing of a notice pursuant to standard office procedure creates a presumption that notice was received. *Meckel v. Continental Resources, Co.*, 758 F.2d 811, 817 (2d Cir.1985); *Wells Fargo Business Credit v. Ben Kozloff, Inc.*, 695 F.2d 940, 944 (5th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983); *see also Morse v. Elmira Country Club, supra*, 752 F.2d at 36 n. 2 ("In the absence of contrary indication we assume delivery in due course."). Ms. Starret of the Marshal's Office testified that the summons and complaint was mailed pursuant to standard office procedure on September 27, 1983. This testimony is corroborated by notations on government exhibits 1 and 1A. Mr. Cozza merely denies timely receipt of the summons and complaint and Acknowledgement Form 299. He has not, however, offered any proof that "regular office practice was not followed or was carelessly executed," making the presumption unreasonable in this case. *Meckel v. Continental Resources, Co., supra*, 758 F.2d at 817. Moreover, Mr. Cozza received Acknowledgement Form 299 at some point after the commencement of this action. Under the evidence presented, he could only have received the form at the end of September 1983, after it was mailed by the Marshal's office. Ms. Starret testified that when she "sets up" a summons and complaint for personal service, she does not include a Form 299 in the service packet. Moreover, Agent Felske and Deputy Marshal Romeo, who each affixed copies of the service packet to Mr. Cozza's residence, both testified that they did not serve an Acknowledgement Form 299. Although Cheryl Cozza testified that the summons and complaint affixed to the door handle also contained the Acknowledgement Form 299, that testimony was contradicted by the testimony of Mrs. Cozza, who did not recall Acknowledgement Form 299 being attached to the summons and complaint. Moreover, Cheryl Cozza stated that her recollection was based on her reading the provision contained in Form 299, which states that a response was required within 20 days. The government correctly points out that the summons contains a similar provision, which states that the answer to the complaint is due within 20 days. On cross-examination, Cheryl Cozza admitted that she had read the summons. Accordingly, the court finds that Cheryl Cozza received only the summons from the process server, not Acknowledgement Form 299.

The court finds that defendant was served by mail within the 120-day period in compliance with Rule 4(c)(2)(C)(ii). Under *Morse v. Elmira, supra*, service was there-

fore effective. However, even if service by mail was not sufficient, plaintiff has demonstrated "good cause" for extension of the 120 period provided by Rule 4(j). Plaintiff has demonstrated due diligence in attempting service. Plaintiff's attorney delivered the summons and complaint to the Marshal for service on the same day the complaint was filed. Two possible addresses were provided. The delay in service was due to the backlog at the Marshal's office. When plaintiff's attorney became aware of the delay, he immediately hired another process server, I.R.S. Agent Felske to attempt personal service.

In addition, defendant has not shown any prejudice resulting from plaintiff's inability to effect personal service of the summons and complaint within 120 days. It should be noted that defendant has failed to answer or move with respect to the complaint or even to apply for an extension of the deadline for filing an answer.[4] Defendant's failure to preserve his defenses of statute of limitations and/or improper service, either by filing an answer or by moving pursuant to Rules 4(j) and or 41(b) for failure to prosecute, combined with his consent to the entry of partial judgment in this case indicate that he has not suffered any prejudice from plaintiff's failure to effect personal service within the 120-day period.

Finally, this is an action created by federal law, so the statute of limitations is tolled by the filing of the complaint. *Davis v. Krauss,* 478 F.Supp. 823, 825 (E.D.N.Y. 1979). The limitations period would remain tolled even if the court had found that plaintiff was dilatory in serving the summons and complaint. *Caldwell v. Martin Marietta Corp.,* 632 F.2d 1184, 1188 (5th Cir.1980); *Textile Museum v. F. Eberstadt & Co., Inc.,* 453 F.Supp. 72, 75 (S.D.N.Y. 1978); *Hester v. Hidden Valley Lakes, Inc.,* 404 F.Supp. 580, 581 (N.D.Miss.1975).

Defendant also contends that its president, Mr. Cozza, still has not been personally served and thus the court does not have jurisdiction over it. However, defendant has waived the defense of insufficiency of process by failing to answer or move with respect to the complaint. Fed. R.Civ.P. 12(h)(1)(B); *see* 5 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure (Civil), § 1391 (1969 & Supp. 1983).

## CONCLUSION

The Government's claim for the quarter ended September 30, 1977 is not barred by the statute of limitations. Therefore, the Government is entitled to judgment with respect to the Form 941 tax liability for the quarters ended September 30, 1977 and March 31, 1978. The Government shall submit, within seven days of the entry of this order, a proposed final judgment for the amount due, inclusive of all penalties and interest accruing to the date of judgment.

SO ORDERED.