Marquetta BOYKIN, Plaintiff,

v.

COMMERCE UNION BANK OF UNION CITY, TENNESSEE, Defendant.

No. 85–1026.

United States District Court,
W.D. Tennessee, E.D.

Jan. 17, 1986.

Dan M. Norwood, Memphis, Tenn., and Bruce Conley, Union City, Tenn., for plaintiff.

William A. Blue, Jr., Nashville, Tenn., and Tom Elam, Union City, Tenn., for defendant.

## ORDER OF DISMISSAL

TODD, District Judge.

Plaintiff filed this action on February 19, 1985, alleging that defendant discriminated against her on the basis of race in contravention of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Defendant was not served with a copy of the complaint and summons until July 9, 1985, however, and subsequently moved this Court to quash that service and dismiss plaintiff's complaint in accordance with Rule 4(j) of the Federal Rules of Civil Procedure (FRCP). In reply to that motion, plaintiff alleged that good cause existed for her failure to timely serve defendant and moved for an enlargement of time in which to serve pursuant to FRCP Rule 6(b). For the reasons set forth herein, defendant's motion to quash service is granted and the action is dismissed.

Rule 4(j) provides as follows:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

Prior to 1983, Rule 4 did not contain a time limit for service since process was primarily accomplished by United States Marshals. In 1983, Rule 4 was amended to relieve the marshals of the burden imposed by service of process in private civil actions. *See* H.R. 7154, 97th Cong., 2d Sess., *reprinted* in 1982 U.S.Code Cong. & Ad.News 4434, 4437 (hereinafter referred to as House Report). To that end, the amended rule permits service on an opposing party by mail, but also imposes a time limit within which service must be made. According to the legislative history to the amendments, if service is not made within the time provided, "the court must dismiss the action as to the unserved defendant." House Report at 4441. Although the dismissal is to be made without prejudice, it may nevertheless serve to prevent a civil litigant from pursuing an otherwise valid claim if the applicable statute of limitations bars refiling of the action. A diligent plaintiff who has made "reasonable efforts" but is unable to effect service may avoid such a harsh result by showing that good cause exists for the failure to timely serve or by moving for an enlargement of time in which to serve pursuant to FRCP Rule 6(b). House Report at 4442. According to the House Report, dismissal of actions of plaintiffs who are unable to show good cause or obtain enlargement of time will "encourage prompt movement of civil actions in the federal courts." *Id.*

In opposition to the defendant's motion to quash the belated service of process, plaintiff alleged that good cause for the untimely service exists because (1) her attorney's standard office procedures raise a presumption that notice of the action was received by defendant, (2) defendant did not allege that it was prejudiced by the tardy service, and (3) her attorney exercised due diligence in serving defendant as soon as he discovered that no service has been made. Plaintiff also moved for an extension of time in which to serve pursuant to FRCP Rule 6(b). Defendant filed a reply to plaintiff's response to its motion and alleged that plaintiff had failed to show good cause and that no allegation of

prejudice was necessary since the 1983 amendment to Rule 4. Furthermore, defendant contended that since no good cause existed to explain the failure to timely effect service, the plaintiff's motion for an enlargement of time should be denied.

## I. Plaintiff's Failure to Comply With Rule 4(j)

Attached to her response to the motion to quash were the affidavits of plaintiff's attorney, Mr. Dan M. Norwood; his administrative assistant; and his law clerk. According to those affidavits, Mr. Norwood's office has a standard office procedure for the handling of complaints filed in federal courts. That procedure requires that service of a copy of the complaint and summons be mailed to the defendant(s) by certified mail, return receipt requested, on the same day that the complaint is filed. Mr. Norwood's affidavit states that some time after the filing of the complaint in this case he reviewed his file and discovered that there was no return receipt or other evidence that the complaint had ever been mailed to defendant. After investigating the matter further, he then directed his staff to attempt to serve the defendant again. That attempt was successful, but defendant was not served until 20 days after the time allotted by Rule 4(j) had expired.

Mr. Norwood's administrative assistant, Ms. Glenda N. De Stefanis, restated in her affidavit the standard office procedure outlined by Mr. Norwood and then stated her belief that this procedure was followed in this case. The basis for that belief is that on the day the complaint in this case was filed, she signed a check for Mr. Norwood to be used by his law clerk to pay for mail service of "Federal Court complaints, and for other purposes." Affidavit of De Stefanis, at ¶ 4. That check, a copy of which was attached to Ms. De Stefanis' affidavit, was made to the order of the U.S. Postmaster for the amount of $7.36. The check itself states that it was "For Cert. Mail—Ray Wilson." De Stefanis affidavit, exhib-it A. The plaintiff's name does not appear anywhere on the check.

The final affidavit attached to plaintiff's response to the motion to quash is that of Mr. Norwood's law clerk. According to that affidavit, the law clerk went to the Front Street Post Office in Memphis late in the afternoon of February 19, 1985, the date this action was commenced. The law clerk stated that while at the post office, he mailed service of several federal court complaints, including the one for this action. Although almost six months had elapsed since the day he allegedly mailed service of the complaint, the law clerk stated that he clearly remembered mailing this complaint because while standing in line at the post office he had noticed that the check referred to above had an incorrect client name written on it. Apparently, this statement refers to the name "Ray Wilson" noted above. For some unstated reason, the law clerk did not correct the error he noticed, and the only direct evidence now offered by plaintiff that the complaint was mailed on that date is the law clerk's affidavit.

### 1. Standard Office Procedure and a Presumption of Receipt

Plaintiff alleges that mailing of the complaint pursuant to Mr. Norwood's standard office procedure raises a presumption that defendant received it, even though plaintiff does not have any evidence that the complaint was actually mailed except for the law clerk's statement that he remembers mailing it. Support for such a presumption is said by plaintiff to be found in *United States v. Jack Cozza, Inc.*, in which a district court found that mailing of a complaint pursuant to the standard office procedures of the United States Marshal created a presumption that the notice was received. 106 F.R.D. 264, 267 (S.D.N.Y. 1985) (citing *Meckel v. Continental Resources Co.*, 758 F.2d 811, 817 (2d Cir. 1985); *Morse v. Elmira Country Club*, 752 F.2d 35, 36 n. 2 (2d Cir.1984); *Wells Fargo Business Credit v. Ben Kozloff, Inc.*, 695 F.2d 940, 944 (5th Cir.), *cert. denied*, 464

U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983) ). The *Jack Cozza* case is distinguishable from the present case, however, in that more evidence existed of the alleged mailing than exists in this case. In *Jack Cozza*, the testimony of the employee of the Marshal's Office who alleged to. have mailed the complaint was corroborated by documentary evidence from the Marshal's Office that the complaint had been mailed. 106 F.R.D. at 267. Furthermore, and most importantly, the court in *Jack Cozza* determined that the defendant had received the acknowledgement form that had been contained in the original service attempt. Even though the defendant in *Jack Cozza* denied receiving the original complaint and summons, the court found that the weight of credible testimony contradicted his testimony and that he had been served within the 120 days provided by Rule 4. 106 F.R.D. at 266–67.

■ Although plaintiff urges that this Court should find that her attorney's standard office procedure raises a presumption of receipt, this Court is not prepared to attach such significance to office procedures. The cases relied upon by the *Jack Cozza* court to find a presumption of receipt are not persuasive.[1] In the absence of other cases in accord with *Jack Cozza*, this Court finds that an attorney's standard office procedure of mailing a complaint to the defendant on the same day that the complaint is filed is insufficient evidence to create a presumption that the defendant actually received the alleged mailing.

### 2. *Prejudice to the Defendant.*

Plaintiff also alleged in her motion to quash that defendant had not alleged that the untimely service resulted in any preju-

dice to it. Plaintiff's position is that absent some prejudice, the action should not be dismissed. . In support of this argument, plaintiff cited *Peters v. E. W. Bliss Co.*, 100 F.R.D. 341 (E.D.Pa.1983). That case is inapposite, however, as there the court found that the action was to be governed by the pre-1983 amendments version of Rule 4. *Id.* at 343. Prior to the 1983 amendments, courts did indeed require some showing of prejudice to the party who was not timely served before dismissing an action. The reason for such a showing was that the pre-1983 amendment Rule 4 did not contain a time limit for service. A . court-made standard was thus created for cases in which a plaintiff was dilatory in effecting service. That standard examined the diligence of the plaintiff's efforts and the prejudice resulting to the defendant from the delayed service. *See, e.g., Baranski v. Serhant*, 602 F.Supp. 33, 36 (N.D.Ill.1985); *Verri v. State Auto. Mut. Ins. Co.*, 583 F.Supp. 302, 305–06 (D.R.I.1984); *Lloyd v. Industrial Bio-Test Lab., Inc.*, 454 F.Supp. 807, 811 (S.D.N.Y.1978); *H. Alpers & Assoc. v. Omega Precision Hand Tools, Inc.*, 62 F.R.D. 408, 411–12 (E.D.Pa.1974); *Ashland Oil & Refining Co. v. Hooker Chemical Corp.*, 51 F.R.D. 512, 514 (S.D.Ohio 1970).

Although the *Peters* court found that the pre-1983 amendment version of Rule 4 governed the case before it, no such finding can be made in the present case. The *Peters* action was filed on May 5, 1982, before the 1983 effective date of the new rule. 100 F.R.D. at 342. In contrast, the present action was filed February 19, 1985, almost two years after the new rule became effective. As such, any argument

---

**1.** As noted above, the *Jack Cozza* court relied upon *Meckel v. Continental Resources, Co.*, 758 F.2d 811, 817 (2d Cir.1985); *Morse v. Elmira Country Club*, 752 F.2d 35, 36 n. 2 (2d Cir.1984); and *Wells Fargo Business Credit v. Ben Kozloff, Inc.*, 695 F.2d 940, 944 (5th Cir.), *cert. denied*, 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983). Of these three cases, only *Morse* involved mail service of a complaint and summons pursuant to Rule 4. However, that case does not support a presumption that a complaint and summons

mailed pursuant to a standard office procedure were received in that the defendant in *Morse* admitted that plaintiff's attorney had mailed the documents. With that admission, and "in the absence of any contrary indication [the *Morse* court] assume[d] delivery in due course." 752 F.2d at 36, n. 2. Absent a similar admission, the *Morse* opinion cannot be read to support such a broad presumption as that found by the *Jack Cozza* court.

that the old version of Rule 4 should apply to this case is facially without merit.

■ Neither the present version of Rule 4 nor its legislative history make any mention of any prejudice to the defendant that must be shown before an action is dismissed for failure to timely effect service. In fact, given the legislature's stated policy of " 'encourag[ing] prompt movement of civil actions if federal courts,' the absence of prejudice to the defendant would not appear to be a relevant consideration." 2 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 4.46, at n. 4 (2d ed. 1985) (citation omitted.) Further support for finding that prejudice is not a factor to consider when examining a party's failure to comply with Rule 4(j) is found in the absence of any discussion of prejudice to the defendant in recent cases interpreting the rule. *See, e.g., Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (court noted that later service on defendant or knowledge of the action is irrelevant); *Norlock v. City of Garland*, 768 F.2d 654, 657 (5th Cir.1985); *Wei v. Hawaii*, 763 F.2d 370 (9th Cir.1985); *Coleman v. Greyhound Lines, Inc.*, 100 F.R.D. 476 (N.D.Ill.1984). *But see Jack Cozza*, 106 F.R.D. at 268 ("In addition, defendant has not shown any prejudice resulting from plaintiff's inability to effect personal service of the summons and complaint within 120 days."). In light of the legislative history of the 1983 amendments to Rule 4 and the cases cited above, this Court finds that no prejudice to the defendant need be shown in order to dismiss an action for failure to timely serve pursuant to Rule 4(j).

### 3. *Good Cause for the Untimely Service.*

Finally, plaintiff argues that good cause exists for the untimely service and that her action should not be dismissed. The basis for this argument is the evidence presented above that plaintiff's attorney maintained a standard office procedure that should have resulted in the complaint and summons being mailed. For the sake of argument, it will be assumed that the complaint and summons were indeed mailed pursuant to the standard office procedure. However, mere mailing of a complaint does not effect service and this Court has already found that no presumption of receipt is raised by the facts of this case. Accordingly, unless plaintiff can show good cause why she failed to serve defendant within the time provided by Rule 4(j) this Court is required by the rule to dismiss her cause.

The legislative history to the 1983 amendments to Rule 4 do not expressly indicate what was meant by the term "good cause." However, the rule's history does refer to "diligent" plaintiffs and "reasonable efforts to effect service." House Report at 4442. Courts interpreting the rule have found "good cause" to encompass more than a single unsuccessful attempt at service and that more is required than "simple inadvertence or mistake of counsel or ignorance of the rules." *Winters*, 776 F.2d at 1306. *See also Wei*, 763 F.2d at 372 ("the inadvertence of *Wei's* counsel likewise does not qualify as good cause"); *Arroyo v. Wheat*, 102 F.R.D. 516, 518 (D.Nev.1984) (rule is aimed at "[i]nadvertent or heedless non-service"); *Coleman*, 100 F.R.D. at 477 ("prior counsel's so-called 'inadvertence' is precisely the factor the Rule was aimed at").

In the present case, plaintiff's attorney stated in his affidavit that it was not until he reviewed his file for this case that he learned that the complaint and summons were apparently never received by defendant. At that time, he directed his personnel to again attempt to serve the defendant. Mr. Norwood's affidavit does not indicate when he reviewed his file, however, because the defendant was not successfully served until 20 days after the 120 days had expired, it can be assumed that he did not review the file until near the end of the 120 days or sometime thereafter. Plaintiff's averment that her attorney's subsequent successful service on defendant is evidence of diligence in attempting to serve defendant is not convincing.

■ If the complaint and summons were mailed on February 19, 1985, plaintiff's at-

torney should have received some type of notice of defendant's receipt of the documents, either the post office's return indicating that someone at the defendant's place of business had signed for the documents or the defendant's filing of an acknowledgement of receipt. According to Rule 4(c)(2)(C)(ii), if that acknowledgement is not received by the plaintiff within 20 days of the date of mailing, "service of such summons and complaint *shall* be made under subparagraph (A) or (B) of [Rule 4(c) ]." Fed.R.Civ.P. 4(c)(2)(C)(ii) (emphasis added).[2] The failure of plaintiff's attorney to comply with Rule 4(c)(2)(C)(ii) or to discover that defendant had apparently not received the summons and complaint allegedly mailed on February 19, 1985, until timely service could not be made cannot be described as diligent or reasonable. Accordingly, this Court finds that plaintiff has failed to show that good cause exists for the failure to serve defendant within 120 days of the date the complaint in this action was filed.

## II. Plaintiff's Motion for an Enlargement of Time to Serve

Finally, plaintiff's motion to extend the time in which to serve defendant is addressed. Plaintiff's memorandum submitted in support of her response to the motion to quash and her motion for an enlargment of time only briefly discusses the basis for granting this motion made pursuant to Rule 6(b). In her discussion of the existence of good cause for the untimely service, plaintiff quoted a portion of an opinion in which a district court denied a motion to quash for failure to comply with Rule 4(j). *Arroyo v. Wheat*, 102 F.R.D. 516, 518 (D.Nev.1984).[3] The relevant portion of the quotation states:

> Rule 4(j) was involved in *Federal Deposit Ins. Corp. v. Sims*, 100 F.R.D. 792, 797

(N.D.Ala.1984), where the Court acknowledged that the plaintiff had failed to follow the rules for obtaining service, but construed liberally the plaintiff's abortive efforts as having been bona fide. It granted additional time to perfect proper service.

> It was not intended that Rule 4(j) would be enforced harshly; that is why liberal extensions of time are permitted under Rule 6(b). *Burks v. Griffith*, 100 F.R.D. 491, 492 (N.D.N.Y.1984).

102 F.R.D. at 518. These statements by the *Arroyo* court, although dicta since the plaintiff therein had previously been granted an extension of time, are apparently relied upon by plaintiff in this case for the proposition that Rule 6(b) extensions should be liberally granted. Liberal treatment of Rule 6(b) motions is indeed the normal practice and is consistent with Rule 1's admonishment that the Rules are to "be construed to secure the just, speedy, and inexpensive determinations of every action." *See* 2 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 6.08 (2d ed. 1985).

Recently, the Ninth Circuit addressed the interplay between Rules 4(j) and 6(b) in a similar case in which the plaintiff failed to effect service within 120 days of the filing of the complaint. In *DeLoss v. Kenner General Contractors, Inc.*, 764 F.2d 707 (9th Cir.1985), one of the defendants was not served until 210 days after the complaint had been filed. That defendant then moved to dismiss the action against it pursuant to Rule 4(j). As in this case, the plaintiff in *DeLoss* opposed the motion, contending that good cause existed for the untimely service and also moved pursuant to Rule 6(b)(2) for an enlargement of time in which to serve. The district court's dismissal of the action was then appealed to the Ninth Circuit Court of Appeals.

**2.** Subparagraphs (A) and (B) of Rule 4(c)(2) provide for service by either a non-party person older than 18 years of age, the United State's Marshal's office, or some other person appointed by the court. Fed.R.Civ.P. 4(c)(2)(A), (B). *See also Federal Deposit Ins. Corp. v. Sims,* 100 F.R.D. 792, 794 (N.D.Ala.1984) (noting that the plaintiff's unsuccessful attempt at mail service "locked itself into the only subsequent mode of service, namely, actual personal delivery of the summons and complaint on defendant").

**3.** Cited by plaintiff as 39 Fed.Rules Serv.2d 166 (D.Nev.1984).

**350**

After finding that the plaintiff had not shown good cause for the failure to serve the defendant within the allotted time, the *DeLoss* court reviewed the district court's denial of plaintiff's Rule 6(b)(2) motion. According to the *DeLoss* court, Rule 6(b)(1) would "clearly" permit an extension of time to serve the complaint and summons when the 120 day period of Rule 4(j) has not expired. 764 F.2d at 711. However, the applicability of Rule 6(b)(2) to extending the time to serve for a plaintiff who has allowed the 120 days to expire was not as clear to the *DeLoss* court. Although Rules 4(j) and 6(b) contain different standards, the *DeLoss* court found that Rule 4(j)'s "good cause" standard applied to a determination of whether to grant a Rule 6(b) motion made after the 120 days provided by Rule 4(j) has expired. *Id.*

 Such an interpretation of the two rules appears to be consistent with the legislative history of Rule 4(j) which states that when the 120 days has expired, a "plaintiff [who] has made reasonable efforts to effect service, ... can move under Rule 6(b) to enlarge the time within which to serve or can oppose dismissal for failure to serve." House Report, at 4442. A plain reading of this passage can only lead to the conclusion that Congress intended for Rule 6(b)'s protection to be available only to a plaintiff who has good cause for the failure to timely serve. Accordingly, this Court finds itself in accord with the *DeLoss* court's interpretation of the relationship between Rules 4(j) and 6(b)(2) and holds that a plaintiff who moves for an extension of time in which to effect service after the 120 days provided by Rule 4(j) has expired will be granted such an extension only if good cause for the failure to comply with Rule 4(j) exists.[4] Because plaintiff has not demonstrated good cause for the failure to serve defendant, her motion for an enlargement of time in which to effect service is denied.

**SUMMARY**

In summary, this Court finds that plaintiff has failed to show good cause for her failure to serve defendant with a copy of the complaint and summons within the 120 days provided by Rule 4(j). Accordingly, defendant's motion to quash the untimely service on it is granted. In light of plaintiff's failure to show good cause, this Court further finds that the motion for an enlargement of time pursuant to Rule 6(b)(2) must be denied. Defendant's motion to dismiss pursuant to Rule 4(j) is, therefore, granted.

IT IS SO ORDERED.

---

4. *See also Winters,* 776 F.2d at 1305 (noting that "if the extension were requested after the 120 days, a .... showing that the failure to serve within that time 'was the result of excusable neglect' would *also* be required" (emphasis in original) ).