**Joe D. DOWDY, Plaintiff,**

v.

**Lewis W. SULLIVAN, Secretary, Health and Human Services, Defendant.**

No. 90–1114.

United States District Court,
W.D. Tennessee, E.D.

Feb. 22, 1991.

Richard Gossum, Trenton, Tenn., for plaintiff.

Harriet Miller Halmon, U.S. Atty's Office, Memphis, Tenn., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR DISMISSAL

TODD, District Judge.

This case involves plaintiff's appeal of defendant's denial of social security disability insurance benefits and supplemental security income. It is undisputed that plaintiff has exhausted all administrative remedies and is in this court for judicial review of the defendant's final decision. 42 U.S.C. § 405(g) (1988). Before the court is defendant's motion for dismissal alleging improper service of process. Fed.R.Civ.P. 4(d)(4) & (5) and 4(j). Plaintiff has responded to the motion. The court has considered the pleadings and the applicable law and concludes that defendant's motion should be GRANTED.

It is undisputed that defendant issued its final decision concerning plaintiff's request for benefits on April 11, 1990. 42 U.S.C. § 405(g) provides for judicial review and requires that "a civil action [be] commenced within sixty days [after a final decision] or within such other time as the Secretary may allow." Plaintiff filed this action on June 15, 1990, within the sixty day requirement, and attempted to serve defendant. Copies of the summons and the complaint were forwarded by certified mail to the United States Attorney for the Western District of Tennessee, the Attorney General of the United States in Washington, D.C. and to the defendant.

■ Defendant contends that service of process on the United States was improper because there was no "delivery" as required by Fed.R.Civ.P. 4(d)(4) & (5) which provide:

**4(d) Summons and Complaint: Person to be Served.** The summons and complaint shall be served together.... Service shall be made as follows:

....

(4) Upon the United States, by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought ... and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States....

(5) Upon an officer or agency of the United States, by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency....

Proper service upon the United States requires personal service, not service by certified mail. Defendant cites Fed.R.Civ.P. 4(j) for the consequences of not properly serving the United States within the alloted time. Rule 4(j) provides that:

**4(j) Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice....

Defendant contends that compliance with Rule 4(d)(4) & (5) is mandatory. *Light v. Wolf,* 816 F.2d 746, 748 n. 5 (D.C.Cir.1987). Further, defendant contends that dismissal of this action is mandatory, absent good cause shown, for failure to comply with Rule 4(j). *United States v. Gluklick,* 801 F.2d 834, 837 (6th Cir.1986).

Plaintiff argues that dismissal is not required because 28 U.S.C. § 1391(e) allows for service to be made upon defendant by certified mail. § 1391 is the general venue statute for federal district courts. Subsection (e) states where venue is proper when the defendant is an officer or employee of the United States. Subsection (e) goes on to state that "the summons and complaint ... shall be served as provided by the Federal Rules of Civil Procedure except that the delivery of the summons and complaint to the officer or agency as required by the rules may be made by certified mail beyond the territorial limits of the district

in which the action is brought." § 1391(e) allows delivery of the summons and complaint to be made by certified mail to the "officer or agency." This is consistent with Rule 4(d)(5), which allows for service of process by certified mail upon an officer or agency of the United States. Nothing in § 1391(e), however, contravenes the requirement in Rule 4(d)(4) and (5) to also serve the United States and service upon the United States requires personal service.

■ Federal courts have permitted process defects to be cured when dismissal would mean the barring of plaintiff's claim because of the running of the statute of limitations. *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir.1984); *Jordan v. United States*, 694 F.2d 833, 836 (D.C.Cir.1982); *Vance v. United States*, 126 F.R.D. 14, 15 (E.D.N.Y.1989); *Ruppert v. Secretary of United States Dept. of Health*, 671 F.Supp. 151, 188–89 (E.D.N.Y.1987); *Williams v. General Services Adm.*, 582 F.Supp. 442, 443 (E.D.Pa.1984). Courts that have permitted process defects to be cured have required the satisfying of a four part test.

> [F]ailure to comply with Rule 4(d)(5)'s personal service requirement does not require dismissal of the complaint if (a) the party to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.

*Borzeka*, 739 F.2d at 447. Thus, failure to comply with Rule 4(d)(5)'s personal service requirement does not require dismissal of the complaint if (a) the party to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed. *Borzeka*, 739 F.2d at 447. Application of (a), (b) and (d) is rather simple in this case. Defendant did receive actual notice of the complaint and would not suffer prejudice from the defect in service. On the other hand, plaintiff is severely prejudiced if this complaint is dismissed because the statute of limitations prohibits the refiling of his complaint.

The filing of a complaint pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's decision to deny disability benefits must be accomplished within 60 days of defendant's final decision, which was on April 11, 1990. An additional five days is added for notice through the mail. Based on these dates, the statute of limitations expired on June 16, 1990. Because plaintiff is now prohibited by the statute of limitations from refiling, plaintiff will receive the ultimate prejudice—dismissal of his complaint without a review of the merits.

There remains, however, the question of whether there was justifiable excuse for plaintiff's failure to properly serve the United States in accordance with Fed. R.Civ.P. 4(d)(4) & (5). In *Borzeka* and other cases that have found justifiable excuse, the plaintiff was proceeding *pro se* or there was some error or the party was misled by another federal agency about how to effect proper service. *See, e.g., Jordan v. United States*, 694 F.2d 833, 835–36 (D.C.Cir.1982) (U.S. Marshal's office improperly advised plaintiff to deliver summons and complaint to the Attorney General's office rather than the U.S. Attorney's office). In this case plaintiff relied on *Social Security Disability Claims*, published by Lawyers Cooperative Publishing Co. (1990), for rules on service of process which resulted in service that was insufficient. The Ninth Circuit in *Whale v. United States*, 792 F.2d 951 (9th Cir.1986), has ruled on this identical issue, holding that counsel's attempt to use certified mail to serve the United States failed to demonstrate justifiable excuse. This court agrees. If counsel's neglect to follow the rule is justifiable excuse, the exception will swallow the rule. *Id.* at 953.

■ The same result follows from the "good cause" exception in Rule 4(j). Rule 4(j) requires that an action be dismissed if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint. Rule 4(j)

allows an exception to dismissal when for "good cause" a party has not followed the dictates of Rule 4(j). The Sixth Circuit has ruled that dismissal is mandatory for failure to follow Rule 4(j). *United States v. Gluklick*, 801 F.2d 834, 837 (6th Cir.1986). The issue is whether plaintiff's action satisfies the requirement of "good cause." In *Boykin v. Commerce Union Bank of Union City, Tenn.*, 109 F.R.D. 344, 348 (W.D.Tenn.1986) this court held that to encompass "good cause," more is required than simple inadvertence or mistake of counsel or ignorance of the rules.

Plaintiff relied on *Social Security Disability Claims* for rules on service of process. Although this court does not doubt plaintiff's mistaken reliance, since that handbook clearly states that service may be effected by certified mail, plaintiff's mistake does not rise above simple inadvertence or mistake of counsel. It does not establish "good cause" under Rule 4(j). *Id.*

Based on the foregoing, dismissal is mandatory for noncompliance with Fed.R.Civ.P. 4(d)(4), (5) and 4(j). Accordingly, defendant's motion is GRANTED and this case is DISMISSED.

IT IS SO ORDERED.