In re Daniel R. TUSSING, Debtor.

BARNETT BANK OF BROWARD COUNTY, Plaintiff,

v.

Daniel R. TUSSING, Defendant.

Bankruptcy No. 95–32508.
Adversary No. 96–3028.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

July 29, 1996.

Scott W. Spradley, Orlando, FL, for Plaintiff.

Robert J. Honigford, Lima, OH, for Defendant.

## ORDER DENYING REQUEST FOR ISSUANCE OF PLURIES SUMMONS AND DISMISSING ADVERSARY PROCEEDING WITHOUT PREJUDICE

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court on this Court's Order to Show Cause dated May 7, 1996 (the "Show Cause Order"), which stated that the Court was considering dismissal of the instant adversary based on the Barnett Bank of Broward County's ("Bank") failure to perfect proper service pursuant to Fed. R.Bankr.P. 7004, to which the Bank has filed a response. Debtor Daniel R. Tussing ("Debtor") filed a reply to the Bank's response. The Bank has also "requested[ed] that a Pluries Summons be issued" in the instant adversary proceeding against the Debtor. The Court finds that the Bank's request that a pluries summons be issued is not well taken and should be denied. The Court further finds that, pursuant to the Show Cause Order, the instant adversary proceeding should be dismissed without prejudice.

### *FACTS AND BACKGROUND*

The Debtor filed a petition under chapter 7 of title 11 on October 4, 1995.

The Bank filed this adversary complaint under 11 U.S.C. § 523(a)(2)(A) against the Debtor on January 26, 1996. On March 12, 1996, the Clerk of this Court ("Clerk") issued a summons to plaintiff's counsel.

This Court entered an order on May 7, 1996, requiring the Bank to show cause why this adversary should not be dismissed because of the Bank's failure to perfect proper service pursuant to Fed.R.Bankr.P. 7004. In response, the Bank stated that:

[d]ue to an office error, neither the complaint nor the Summons and Notice of Pretrial Conference were served as required by Bankruptcy Rule 7004 and inadvertently and inexplicably, the Summons issued by the Clerk was placed in the case file at the [Bank's] counsel's office and remained in the file until the date that the undersigned counsel received this Court's Order to Show Cause.

Plaintiff's Response to Order to Show Cause (the "Response"), at p. 2, para. 4. The Bank further asserted that such actions "amounted to excusable neglect", Response, at p. 3, para. 7, and that the Bank's conduct had not prejudiced the Debtor. Response, at p. 3, para. 8. Therefore, the Bank requested the Clerk to issue an alias summons. Response, at p. 3, para. 9.

Subsequently, the Clerk issued an alias summons (the "Alias").

In a letter to the Clerk dated July 16, 1996 (the "Letter"), the Bank's attorney requested the issuance of a "Pluries Summons" in the instant adversary. The Letter acknowledged that the Alias "was not served within the ten (10) days required by the Bankruptcy Rules". Letter, at para. 2.

### DISCUSSION

#### Applicable Rule

■ Rule 7004(a) of the Federal Rules of Bankruptcy Procedure incorporates the version of Rule 4(j) of the Federal Rules of Civil Procedure which was in effect on January 1, 1990. *See* Fed.R.Bankr.P. 7004(a) (stating that Fed.R.Civ.P. 4(j) applies in adversary proceedings); Fed.R.Bankr.P. 7004(g) (providing that "[t]he subdivisions of Rule 4 FR Civ P made applicable by these rules shall be the subdivisions of Rule 4 FR Civ P in effect on January 1, 1990, notwithstanding any amendment to Rule 4 FR Civ P subsequent thereto"). Former Rule 4(j) provided that:

[i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that time period, the action shall be dismissed as to

that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

#### Burden of Proof

■ The Bank bears the burden of establishing "good cause". *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir.1991) (citation omitted).

#### Whether the Plaintiff has Demonstrated "Good Cause" for Not Perfecting Service Within 120 days

[3] Initially, the Court notes that the Bank did not request the Court to extend the time in which it was required to perfect service pursuant to Fed.R.Bankr.P. 9006(b)(1). Nor can the Clerk's issuance of the Alias be interpreted as granting the Bank an extension of time under Fed. R.Bankr.P. 9006(b)(1). *See Braxton v. United States,* 817 F.2d 238, 242 (3rd Cir.1987) (concluding that letter from judge's courtroom deputy clerk, which directed plaintiff's counsel to make service within 15 days and stating that court would consider dismissal if plaintiff did not take such action, did not extend time for service under Rule 4(j)); *see also Mendez v. Elliot,* 45 F.3d 75 (4th Cir. 1995) (finding that district judge's letter directing plaintiff to provide status report on case did not extend time to serve complaint); *Mrochek v. Oprean (In re Oprean),* 189 B.R. 616, 618–19 (Bankr.E.D.Va.1995) (rejecting plaintiff's argument that "good cause" existed for extension of time to serve complaint because plaintiff's counsel had construed bankruptcy court's statement to plaintiff's counsel to "serve the complaint again" as an extension of time) (citation omitted).

■ Further, the Court finds that the Bank has not shown "good cause" for its failure to comply with the requirements of former Fed.R.Civ.P. 4(j). *See Moncrief v. Stone,* 961 F.2d 595, 596–99 (6th Cir.1992) (held that lack of prejudice to defendant United States Attorney did not represent "good cause" for plaintiff's admitted failure to satisfy the requirements of former Fed. R.Civ.P. 4(j)); *Boykin v. Commerce Union Bank of Union City, Tennessee,* 109 F.R.D.

344, 346–49 (W.D.Tenn.1986) (held that affidavit of plaintiff's attorney as to standard office procedures for the handling of complaints in federal court and affidavit of law clerk that complaint was actually mailed did not warrant finding of "good cause" under former Fed.R.Civ.P. 4(j), notwithstanding the fact that defendant had not been prejudiced); *cf. Friedman,* 929 F.2d at 1157 (held that plaintiffs' reliance on district court's purported stay of all proceedings did not represent "good cause"); *Dowdy v. Sullivan,* 138 F.R.D. 99, 101–02 (W.D.Tenn.1991) (held that mistaken reliance by plaintiff's attorney on nongovernment publication for rules on service of process did not represent "good cause" under former Fed.R.Civ.P. 4(j)). Under former Fed.R.Civ.P. 4(j), " 'good cause' requires a greater showing than 'excusable' neglect". *Broitman v. Kirkland (In re Kirkland),* 86 F.3d 172 (10th Cir.1996). More specifically, as the Tenth Circuit stated in *Kirkland,*

> inadvertence or negligence alone do not constitute 'good cause' for failure of timely service. Mistake of counsel or ignorance of the rules also usually do not suffice. (Citation omitted).... Although a small delay in achieving service may not prejudice the defendant, absence of prejudice alone does not constitute 'good cause'.

*Kirkland,* 86 F.3d at 176; *see also McGinnis v. Shalala,* 2 F.3d 548, 550 (5th Cir.1993) (stating that inadvertance, mistake, or neglect of counsel do not constitute "good cause"), *rehearing denied,* 5 F.3d 530 (5th Cir.1993), *cert. denied,* 510 U.S. 1191, 114 S.Ct. 1293, 127 L.Ed.2d 647 (1994); *Braxton v. United States,* 817 F.2d 238, 241–42 (3rd Cir.1987) (stating that neither inadvertence of counsel nor half-hearted attempts at service amount to "good cause" under former Rule 4(j) in holding that the "unexplained delinquency on the part of the process server and lack of oversight by counsel" did not constitute "good cause") (citations omitted); *Cartage Pacific, Inc. v. Waldner (In re Waldner),* 183 B.R. 879, 882 (9th Cir.Bankr. 1995) (stating that "inadvertence of counsel", "[i]gnorance of the rule and its requirements" and "half-hearted attempts to serve the defendant" do not constitute "good cause") (citations omitted). Significantly, the

Bank has not alluded to, let alone provided any evidence in its Response, that the Debtor's conduct has contributed to its failure to effect timely service. Further, there is no evidence before the Court that the Bank has made reasonable efforts to effect service on the Debtor subsequent to the Clerk's issuance of the Alias. Therefore, the Court finds that the Bank has not shown "good cause" for its failure to comply with the 120 day deadline of former Fed.R.Civ.P. 4(j). *See Waldner,* 183 B.R. at 882 (held that creditor failed to demonstrate "good cause" for failure to timely serve summons and complaint, despite the fact that there was some evidence that debtors attempted to evade service, where court concluded that plaintiff easily could have served defendant by first class mail).

■ Finally, even if the Letter could be construed as a motion to enlarge time under Fed.R.Bankr.P. 9006(b)(2), the Bank has not demonstrated grounds for an enlargement of time. In the context of former Rule 4(j), courts have held the "good cause" standard applicable to motions to enlarge time under Fed.R.Civ.P. 6(b)(2). *See Putnam v. Morris,* 833 F.2d 903, 905 (10th Cir.1987) (stating that "[a]lthough the trial court has the power to extend the 120–day time period after it has run under Fed.R.Civ.P. 6(b)(2), it will do so only if the movant demonstrates 'good cause' for the delay which the court deems to be excusable neglect") (citation omitted); *DeLoss v. Kenner Gen. Contractors, Inc.,* 764 F.2d 707, 711 (9th Cir.1985) (held that "good cause" standard applied to motion to extend time under Fed.R.Civ.P. 6(b)(2)); *Motsinger v. Flynt,* 119 F.R.D. 373, 375 (M.D.N.C.1988) (stating that "[a] motion for additional time within which to serve process made after the expiration of the 120–day time period set in Rule 4(j), Fed.R.Civ., is governed by the specific good cause standard of that rule as opposed to the excusable neglect standard of Rule 6(b)(2), Fed.R.Civ.P.") (citations omitted); *Boykin,* 109 F.R.D. at 350 ("hold[ing] that a plaintiff who moves for an extension of time in which to effect service after the 120 days provided by Rule 4(j) has expired will be granted such an extension only if good cause for the failure to comply with Rule 4(j)

exists") (footnote omitted). As the foregoing discussion indicates, the Bank has failed to demonstrate "good cause".

In light of the foregoing, it is therefore

ORDERED that Bank's "request that a Pluries Summons be issued" be, and it hereby is, denied. It is further

ORDERED that Bank's adversary complaint against the Debtor be, and it hereby is, dismissed without prejudice.