Dr. G. Ray **MOTSINGER**, Plaintiff,

v.

Larry **FLYNT** and Larry Flynt Productions, Inc., Defendants.

No. C–87–847–WS.

United States District Court, M.D. North Carolina, Winston–Salem Division.

March 15, 1988.

David R. Crawford, Winston–Salem, N.C., for plaintiff.

David M. Clark, Stanley F. Hammer, Greensboro, N.C., Carl Grumer, Beverly Hills, Cal., for defendants.

## ORDER

RUSSELL A. ELIASON, United States Magistrate.

This case presents two issues for resolution. One, which apparently is of first impression, concerns whether the time limitation to serve process contained in Rule 4(j), Fed.R.Civ.P., applies to cases which have been removed to federal court from state court pursuant to 28 U.S.C. § 1441, *et seq.*, and if so, how should it be computed. The second concerns plaintiff's attempt to postpone his deposition due to illness.

### I.

For the first issue, plaintiff moves for an extension of time within which to perfect service of process on both defendants. The individual defendant resists and urges the Court to dismiss the action because plaintiff has failed to serve him within the 120–day time period mandated by Rule 4(j), Fed.R.Civ.P.

Plaintiff filed the complaint on September 28, 1987. He served the corporate defendant with process on November 2, 1987. The summons for the individual defendant was returned with a notation that the individual could not be personally served at the address given. A second summons was sent to Los Angeles, California, for service and was again returned with an attempted service date of October 8, 1987. In order to keep the summons alive in state court, plaintiff caused an alias and pluries summons to be issued on November 6, 1987, as to both defendants. These were not sent to the Sheriff in Los Angeles since prior service on the individual had proved ineffective.

In the meantime, defendants filed a petition for removal on December 2, 1987, claiming diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. The action was removed and defendants filed their answer on December 7, 1987 raising defenses of lack of personal jurisdiction over the defendants and improper service. Plaintiff procured another alias and pluries summons from the state court on December 6, 1987. Service was not attempted with this summons due to the case having been removed.

In this Court, on December 14, 1987, an Order was entered requiring the respective parties to provide their names, addresses and telephone numbers by letter. Defendants responded on December 23, 1987 stating the corporate headquarters of the corporation was located at an address in Beverly Hills, California, and gave a telephone number. The individual's address and telephone number was stated to be the same. This letter was not sent to plaintiff's counsel. In the early part of January 1988, at plaintiff's counsel's request, counsel for the individual defendant agreed to confer with his client to see whether he would waive any objection to process so that the case could proceed on the merits. No response was given to plaintiff's counsel prior to January 26, 1988, which is 120 days after the complaint was filed in state court.

On February 1, 1988, plaintiff caused this Court to issue two summons as to both defendants in order to insure that this action would remain alive for purposes of the state statute of limitations. He reviewed the file in federal court on February 9, 1988 and there discovered defendants' counsel's letter in the file concerning the addresses of defendants. On February 12, 1988, plaintiff filed his motion to extend the time for serving defendants and he also attempted service via certified mail as to both defendants at the new address. An individual other than the defendant or the corporate agent listed for the corporation

received the summons as the agent of the defendants. Plaintiff's counsel adds that newspaper accounts indicate the individual defendant is not residing in Los Angeles, California, and he has learned that defendant may presently be residing in Florida. Plaintiff is attempting to serve the individual defendant through a private process server.

### Discussion

Rule 4(j), Fed.R.Civ.P., requires the service of a summons and complaint to be made on defendants within 120 days after the filing of the complaint. If this does not occur, the Court is instructed to dismiss the action unless good cause for the failure of service can be shown.[1] *See* 4A C. Wright & A. Miller, *Federal Practice and Procedure*, § 1137 at 386 (1987). Defendant Larry Flynt contends that plaintiff was required to serve him within 120 days after the complaint was filed in state court or on or before January 26, 1988. It is agreed by all that plaintiff did not do this. In addition, defendant states that plaintiff's request for an extension of time, being made after January 26, 1988, is untimely and subject to the provisions of Rule 6(b)(2), Fed.R.Civ.P., which requires that a motion for an extension of time made after the expiration of the original time period must be accompanied by a showing of excusable neglect.

Rule 6, Fed.R.Civ.P., governs extensions of time in general. If the motion for an extension is filed before the expiration of the time period for which an extension is sought, the party need only show cause. Rule 6(b)(1). If a party should wait until after the expiration of time, then the burden is more rigorous and requires more than inadvertence, mistake, or unfamiliarity with the rules. Rule 6(b)(2). Rather, the party must demonstrate his good faith, a reasonable basis for noncompliance, and lack of prejudice to defendant in making the untimely request for an extension. 4A C. Wright & A. Miller, *Federal Practice and Procedure*, § 1165 (1987).

This distinction made in Rule 6, Fed.R. Civ.P., between timely and untimely requests for extensions, also applies to motions made with respect to Rule 4(j), Fed.R. Civ.P. Motions for additional time to serve process made prior to the expiration of the 120–day period of Rule 4(j) will be more liberally granted than those which are made after the expiration. *Baden v. Craig–Hallum, Inc.*, 115 F.R.D. 582, 585 (D.Minn.1987). Motions for an extension of the service time made after the running of the 120–day period require a considerably greater showing of cause.

A motion for additional time within which to serve process made after the expiration of the 120–day time period set in Rule 4(j), Fed.R.Civ., is governed by the specific good cause standard of that rule as opposed to the excusable neglect standard of Rule 6(b)(2), Fed.R.Civ.P. *U.S. For Use and Benefit of DeLoss v. Kenner General, Inc.*, 764 F.2d 707, 711 (9th Cir.1985) (hereinafter cited as *Kenner General*). Several factors support this decision. Rule 4(j) is specifically designed to encourage and prod counsel into expediting service in order that the merits of the case may be reached.[2] Therefore, its good cause stan-

---

1. Rule 4(j), Fed.R.Civ.P.:

   (j) Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service on a foreign country pursuant to subdivision (i) of this rule.

2. The standard for determining good cause for extending the 120–day period for service of process is still developing. Notwithstanding, the courts considering the issue have determined that although Congress did not explicitly define the term, it expected it to be strictly applied and in fact the legislative history gives only one example of good cause—that being where a defendant intentionally avoids service. *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir. 1987). In determining good cause a court need not consider the fact that a dismissal without prejudice may be tantamount to a dismissal with prejudice because of statute of limitation problems. *Id.* at 84; *Townsel v. Contra Costa*

dard will be the one directly designed for dealing with the problem at hand. *Id.* The good cause standard of Rule 4(j) will likely be as strict or even more stringent than the excusable neglect standard of Rule 6(b)(2). *Id.; Green v. Humphrey Elevator & Truck Co.,* 816 F.2d 877, 884–85 (3d Cir. 1987); *Winters v. Teledyne Movible Off-shore, Inc.,* 776 F.2d 1304, 1306 (5th Cir. 1985).

Utilizing the more specific good cause standard of Rule 4(j) does not render the effects of Rule 6(b)(2) nugatory. Rather, an untimely request for an extension under Rule 4(j) automatically invokes the threat of dismissal whether the Court considers the matter *sua sponte,* on plaintiff's motion for an extension of time, or pursuant to a defendant's motion for dismissal. *Kenner General, supra,* at 711. More-over, a party's lack of diligence in filing the request for an extension itself may be used as an additional sign of lack of diligence and good cause for the motion. *Quann v. Whitegate–Edgewater,* 112 F.R.D. 649, 661 (D.Md.1986). Therefore, if defendants are

correct in arguing that the 120–day service period runs from the filing of the complaint in state court, plaintiff's motion for an extension is untimely and under the strict standards applicable to such motions the Court would likely find that plaintiff has failed to demonstrate good cause.[3] How-ever, because the Court determines that in a removal action the 120–day service period commences to run from the date of removal, it turns out that plaintiff's motion for an extension is timely and will be granted.

Defendants argue that the 120–day service period should be measured from the filing of the original complaint in state court. They base this conclusion on their argument that 28 U.S.C. § 1448 provides that once a case is removed to federal court process may be completed in the same manner as if the case had been originally filed in this court. The Court does not feel that the interplay between the removal provisions of 28 U.S.C. § 1441, *et seq.,* and Rule 4(j), Fed.R.Civ.P., call for such a result.

Once a case has been removed from state court, the federal court applies the Federal

---

*County, Cal.,* 820 F.2d 319, 320 (9th Cir.1987); *U.S. for Use and Benefit of DeLoss v. Kenner General, Inc.,* 764 F.2d 707, 711 n. 5 (9th Cir. 1985). Moreover, unlike Rule 6(b)(2), Fed.R. Civ.P., a failure to find good cause pursuant to Rule 4(j), Fed.R.Civ.P, does not require a find-ing that defendant has been prejudiced before dismissal may be ordered. *Quann v. Whitegate-Edgewater,* 112 F.R.D. 649, 661 (D.Md.1986); *Boykin v. Commerce Union Bank of Union City, Tenn.,* 109 F.R.D. 344, 348 (W.D.Tenn.1986).

In general, an attorney's inadvertence or igno-rance, or misplaced reliance, will not serve to excuse a failure to timely serve. *Townsel v. Contra Costa County, Cal., supra; Lovelace v. Acme Markets, Inc., supra.* Rather, the Court will look to see whether factors outside of a party's control prevented timely service of pro-cess, such as evasive or misleading conduct on behalf of defendant or illness on behalf of plain-tiff. *LeMaster v. City of Winnemucca,* 113 F.R. D. 37 (D.Nev.1986); *Baden v. Craig-Hallum, Inc.,* 115 F.R.D. 582 (S.D.Minn.1987). Lack of effort or half-hearted efforts on the part of a plaintiff will likely lead to dismissal. *U.S. for Use and Benefit of DeLoss v. Kenner General, supra; Atwood v. Memorial Hospital at Gulfport,* 115 F.R.D. (S.D.Miss.1986).

**3.** Good cause may not be found in the fact that defendant's counsel did not provide an answer to whether his client would waive process until after the running of the 120–day period because he was not under any obligation to timely re-

spond. Nor is there any indication that defend-ant intentionally lulled plaintiff into not filing a timely motion to extend the service time period by requesting more time to consider plaintiff's request. Moreover, plaintiff's reliance on de-fendant, even if in good faith, is simply not appropriate. *Lovelace v. Acme Markets, Inc., supra.*

Nor does the Court find good cause from the fact that defendant allegedly provided the Court and him with an inadequate or unusable ad-dress. The trouble with this argument is that plaintiff did not find out about the address until after January 26, 1988 and the supposed run-ning of the 120–day period. Plaintiff was aware of this Court's order requiring the parties to supply an address. Therefore, it can be as-sumed that plaintiff knew or should have known that defendants likely sent something to the Clerk of Court concerning their addresses shortly after the Clerk's request in mid-Decem-ber. Yet, plaintiff did not check the Clerk's file until well into February. Had plaintiff checked the Clerk's file within a reasonable period of time and used the address given by defendant without success, the Court might be willing to find that defendant misled plaintiff and thereby attempted to evade service of process, justifying a finding of good cause. This is not the case here. The facts show that plaintiff made an early attempt to serve process on defendant and then did nothing for a significant period of time.

Rules of Civil Procedure and the case ·is treated as though it were originally commenced in federal court. 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3738 at 556–57 (1985).[4] In applying the Federal Rules of Civil Procedure to a removed action, the question arises as to whether the federal rules should be retroactively applied to judge conduct performed in state court in accordance with state procedure. Rule 81(c), Fed.R.Civ.P., states that the federal rules govern procedure after, not before, removal. Moreover, retroactive application of federal court rules on otherwise permissible state court pleadings may create real unfairness. Thus, in *Columbus, Cuneo, Cabrini Med. Ctr. v. Holiday Inn*, 111 F.R.D. 444 (N.D. Ill.1986), the court refused to apply Rule 11, Fed.R.Civ.P., pleading standards to a state court complaint filed prior to removal nor would it impose attorney's fees as costs for a voluntary dismissal pursuant to Rule 41(a)(1), Fed.R.Civ.P., when the plaintiff immediately requested such dismissal after

the action had been removed. *See Hurd v. Ralphs Grocery Co.*, 824 F.2d 806, 808 (9th Cir.1987)—(collecting cases).

■ The principle of avoiding unfairness by refusing to retroactively apply the federal rules to pre-removal pleadings or activity comfortably fits in with a construction of Rule 4(j), Fed.R.Civ.P., which starts the running of the 120–day period from the date of removal. To use the date an action was filed in state court could create unfairness.[5] On the other hand, Rule 4(j) would itself be disserved were its time parameters not at some time enforced. Using the date a case is removed to federal court provides an appropriate balance which accommodates the federal interest in insuring that process will be timely served yet does not penalize the plaintiff or give undue advantage to the · defendant occasioned solely on account of the removal and the application of the new federal duty to otherwise proper state court conduct.[6]

4. This does not mean that federal law entirely subplants state law. For actions removed on the basis of diversity of citizenship jurisdiction, state law not only governs the substantive jurisdictional questions but also the sufficiency of the state court service of process. 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3738 at 560–61 (1985); *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285 (11th Cir.1985). State process which has been served may be perfected and facial errors corrected, but if it has not yet been served, it is void and plaintiff must obtain a federal summons and serve it. 28 U.S.C. § 1448; *Beecher v. Wallace*, 381 F.2d 372 (9th Cir.1967); *but see Continental Ill. Nat., etc. v. Protos Shipping*, 472 F.Supp. 979 (N.D.Ill.1979). On the other hand, a plaintiff does not obtain vested rights in state court procedures and rulings merely because the case was filed in state court prior to removal. The federal court may reconsider motions to dismiss or entries of default or apply a federal court limitation on the number of interrogatories even though state court rules do not contain such limitations and the interrogatories were filed prior to removal. *McIntyre v. K–Mart Corp.*, 794 F.2d 1023 (5th Cir.1986).

5. Pursuant to 28 U.S.C. § 1446(b), a defendant may remove an action prior to service of process upon him. A defendant must remove an action to federal court within thirty (30) days after receipt, "through service or otherwise," of a copy of the initial pleading setting out the claim. *See* 14A C. Wright, A. Miller & E. Coo-

per, *Federal Practice and Procedure*, § 3732 at 516 (1985). As a result, it is possible that 120 days from filing of the complaint could pass without a defendant being served. Then, having notice of the action, a defendant could remove it to federal court and immediately move for dismissal pursuant to Rule 4(j), Fed.R.Civ.P. The plaintiff would immediately be in a predicament since 120 days would have passed since the filing of the original complaint and he would not have made a motion for an extension of time to serve process. Furthermore, if state court process is being served but has not yet been served, the removal would require federal process to issue in order for service to be completed. *Beecher v. Wallace*, 381 F.2d 372 (9th Cir.1967).

6. This solution is also consistent with the Supreme Court's resolution of an analogous situation. In *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974), the problem was what to do when a state court issues a temporary restraining order and the matter is removed to federal court. The removal statutes provide that all orders in state court should remain in full force and effect until dissolved by the district court. 28 U.S.C. § 1450. Literally construed, this meant that a state court temporary restraining order, which would otherwise expire, remained in effect much longer by the mere fact of removal. Had the federal court issued the temporary restraining order, it would have a maximum 20–day life pursuant to Rule 65(b), Fed.R.Civ.P. Thus, re-

In the instant case, the action was removed on December 2, 1988. Plaintiff timely filed for an extension of time to serve process on February 12, 1988, which is well within the 120–day period. Plaintiff has presented more than sufficient facts for the Court to grant an extension of time to complete service in accordance with Rule 6(b)(1), Fed.R.Civ.P. It appears that the individual defendant gave plaintiff and this Court an address which cannot be used for service. The individual defendant may be attempting to avoid service. Under these circumstances, the Court has no hesitation in granting an extension of time to serve. The Court will grant plaintiff sixty (60) days to complete service. This extension shall apply to both defendants and plaintiff may re-serve the corporate defendant should he desire.

## II.

Plaintiff's second motion requests a protective order prohibiting his deposition and an extension of the discovery period and the time set for the court ordered arbitration hearing. Plaintiff shows that his deposition was originally scheduled in early February 1988 and continued because of his illness. One month later, plaintiff reports that his congestive heart condition still makes his deposition impossible. Plaintiff includes a note from his physician stating that he should be excused from court appearances for approximately six weeks. Defendants oppose any extension of either discovery or the arbitration hearing for more than thirty (30) days. They do not oppose delaying the deposition.

■ Absent a strong showing of good cause and extraordinary circumstances, a court should not prohibit altogether the taking of a deposition. Even when a party merely seeks a protective order staying a deposition, he still has a heavy burden of demonstrating good cause. *Medlin v. Andrew*, 113 F.R.D. 650 (M.D.N.C.1987). A doctor's certificate setting out plaintiff's illness and the basis for requesting exemption from a deposition will often justify a short stay in the taking of a deposition. The request for an extended stay of a deposition requires more than a conclusory statement by a physician. *Id.* For such requests, the plaintiff will have to come forward with detailed information supporting the opinion and, if necessary, be willing to submit his physician for examination by the court or by defendant on behalf of the court. *Id.*

■ In the instant case, the physician's statement is brief and without history or the treatment being given. On the other hand, the stay is also both short and finite, and it is unopposed. Therefore, it may be granted even though the request is rather conclusory. Also, considering all of the circumstances in this case, including plaintiff's health and the problem of service, the Court will grant a limited extension of discovery and the arbitration dates.

IT IS THEREFORE ORDERED that plaintiff's motion to extend the time to perfect service of process on both defendants is granted and plaintiff shall have to and including April 9, 1988 within which to serve both defendants in this action. Consequently, defendant Larry Flynt's motion to dismiss pursuant to Rule 4(j), Fed.R.Civ.P., is denied.

IT IS FURTHER ORDERED that plaintiff's motion for a protective order to continue his deposition and to extend the discovery and arbitration periods is granted; and, IT IS ORDERED that the parties are prohibited from deposing plaintiff until on

---

moval of the action could produce a result that was not sanctioned by either federal or state law.

In order to prevent a removal from skewing the situation, the Supreme Court held that when an action had been removed to federal court, and prior to removal the state court had issued a temporary restraining order, the order could not remain in force after removal any longer than it could have had the action remained in state court, and in any event, could not remain in effect any longer than the time provided for by Rule 65(b), Fed.R.Civ.P. In a similar manner with respect to the instant case, starting the 120–day service time from the date of removal only imposes the federal standard at the time the matter becomes a federal case. Should the state law have a more stringent standard for service, the federal courts may take cognizance of it as may be appropriate.

or after March 30, 1988, that discovery is extended to and including April 15, 1988, and that the arbitration hearing shall be held on or before June 15, 1988.