**Doretha BRYANT, Plaintiff,**

v.

**BROOKLYN BARBEQUE CORP., et al., Defendants.**

**No. 89–0719–CV–W–8.**

United States District Court, W.D. Missouri, W.D.

March 14, 1990.

Larry Delano Coleman, Larry Delano Coleman, P.C., Kansas City, Mo., for plaintiff.

Joe W. Coleman, McDowell, Rice & Smith, Bruce C. Houdek, James, Millert, Houdek, Tyrl & Sommers, David Field Oli-

ver, Smith, Gill, Fisher & Butts, Kansas City, Mo., for defendants.

## ORDER

STEVENS, District Judge.

Plaintiff filed this lawsuit pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964, alleging that defendants engaged in a pattern of racketeering activity to deprive plaintiff of her interest in certain personal property devised to her by Arthur Bryant, the legendary Kansas City barbecue restaurateur. The case is currently before the court on the motion of defendants [1] to dismiss plaintiff's complaint for failure to serve it in a timely fashion or, alternatively, for failure to prosecute; defendants' motion for sanctions pursuant to Fed.R. Civ.P. 11; and defendants' motion to quash the purported service of plaintiff's amended complaint. In addition to defendants' motions, plaintiff has filed a motion for default judgment and for sanctions against defendant David Schlee.

### I. Motion to Dismiss

Plaintiff filed her complaint on July 28, 1989. In support of their motion to dismiss, defendants argue that plaintiff made absolutely no effort to serve the complaint within the 120 day period provided in Fed. R.Civ.P. 4(j). Indeed, plaintiff concedes this fact in her Suggestions in Opposition to the Motions to Dismiss, dated December 13, 1989,[2] where she states that "[t]here is no question but that the complaint filed on July 28, 1989 has not been served."

Fed.R.Civ.P. 4(j) provides that

[i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not

---

1. Actually, several different motions were filed, each containing the same argument. One motion was filed by defendants Preston Kerr and Judith J. Kerr, one by defendants Brooklyn Barbeque Corporation, William Rauschelbach, Sandra Rauschelbach, and Gary Berbiglia, one by Stockyards Preservation Co., and one by David

Schlee. Only defendant Arthur Bryant's Inc. has failed to file a motion to dismiss. Since the motions concern identical issues, the court will refer only to one motion.

2. December 13, 1989 is 138 days after the complaint was filed.

made within that period, the action shall be dismissed as to that defendant without prejudice....

Thus, unless plaintiff can establish that there was "good cause" for her failure to serve the complaint within the 120 day period, defendants' motion must be granted.

The 120 day limitation contained in Fed. R.Civ.P. 4(j) "is intended to force parties and their attorneys to be diligent in prosecuting their cause of action...." *Townsel v. Contra Costa County, California,* 820 F.2d 319, 320 (9th Cir.1987) (quoting *Wei v. State of Hawaii,* 763 F.2d 370, 373 (9th Cir.1985). *See also Motsinger v. Flynt,* 119 F.R.D. 373, 375 (M.D.N.C.1988) ("Rule 4(j) is specifically designed to encourage and prod counsel into expediting service in order that the merits of the case may be reached."); *Baden v. Craig–Hallum, Inc.,* 115 F.R.D. 582, 584 (D.Minn.1987) ("the purpose of rule 4(j) is to force parties and their attorneys to be diligent in prosecuting their causes of action"); *Boykin v. Commerce Union Bank of Union City, Tennessee,* 109 F.R.D. 344, 345 (W.D.Tenn. 1986) (legislative history of the amendment adding 120 day period to Rule 4(j) establishes that purpose of the rule is to "encourage prompt movement of civil actions in the federal courts").

In the instant case plaintiff argues that the complaint should not be dismissed because good cause exists for not accomplishing service within the 120 day period. Specifically, plaintiff argues that

the RICO [complaint] has not been served, because counsel intends to file a first amended complaint within two weeks of the filing date of this response, sufficient information having been gathered to plead with particularaly [sic] the averments needed to establish anti-trust

violations, securities fraud, common law fraud, Civil RICO, and other causes of action....

Suggestions in Opposition to Defendants' Motions to Dismiss at ¶ 11. Plaintiff also notes that the complaint was not filed within the 120 day period because of the "sheer massiveness" of the facts underlying the complaint and because it "was filed to coincide with the sentencing of the brilliant, though malevolent, Preston Kerr, the principal owner of the Stock Yard [sic] Preservation Company...." [3]

In addition to arguing that "good cause" exists for failure to serve the complaint within 120 days, plaintiff maintains that the complaint should not be dismissed because she filed a first amended complaint on December 28, 1989.[4] Several defendants have been served with the amended complaint and have filed motions to quash service, arguing that the amended complaint was not properly served since no effort had been made to serve the original complaint within the 120 day period provided under Fed.R.Civ.P. 4(j).

As an initial matter, the court concludes that plaintiff has not established the "good cause" necessary to overcome defendants' motion to dismiss the original complaint for failure to serve it in a timely manner. *See Ouzts v. Cummins,* 825 F.2d 1276, 1278 (8th Cir.1987). Although neither the language of the rule nor its legislative history define "good cause," most courts applying the term have found that good cause will be found only if plaintiff has been diligent in attempting to serve the complaint. The "inadvertence of counsel does not qualify as good cause." *Baden,* 115 F.R.D. at 586. Thus, "[l]ack of effort or half-hearted efforts on the part of a plaintiff [to serve the complaint] will likely lead to dismissal." *Motsinger,* 119 F.R.D. at 376, n. 2.

**3.** Both Kerr and Stockyard Preservation Co. are defendants in the instant case.

**4.** Plaintiff filed a motion for leave to file the first amended comlaint on December 13, 1989. That motion was never ruled by the court but the Clerk's Office filed the amended complaint on December 28, 1989. Plaintiff argues that the amended complaint was correctly filed, without a ruling on the motion for leave, because Fed.R. Civ.P. 15(a) provides that a party may amend a pleading "once as a matter of course at any time before a responsive pleading is served...." As the court's discussion, *infra* at 668–69, indicates, the reasoning of plaintiff's argument is flawed in a situation such as this one, where the original complaint was not timely served, rendering Fed.R.Civ.P. 15(a) inapplicable.

■ In the instant case plaintiff admits she made no attempt to serve defendants within the 120 day period because she knew she would ultimately file an amended complaint containing more specific factual allegations. In a case with similar facts, the Ninth Circuit held that a plaintiff's "desire to amend [her] complaint before effecting service does not constitute good cause." *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir.1985).

■ Plaintiff also argues that defendants' motion should be denied because plaintiff was not prejudiced by the delay. Even assuming, *arguendo*, that defendants did not suffer any prejudice by having a complaint on file alleging that they participated in racketeering activities, this court would reject plaintiff's argument because "the absence of prejudice is *not* of aid to a faulty plaintiff who presents no justifiable reason for his lack of diligent and timely conformance with ... Rule 4(j)." *Quann v. Whitegate–Edgewater*, 112 F.R.D. 649, 660 (D.Md.1986) (emphasis in original). *Accord Baden*, 115 F.R.D. at 586, n. 4 (neither language of rule nor its legislative history requires a showing of prejudice). Even those courts finding that a prejudice inquiry is relevant, however, have held that "the plain language of Rule 4(j) leaves no room for excusing untimely service where there is total failure to show good cause." *Delicata v. Bowen*, 116 F.R.D. 564, 566 (S.D.N.Y.1987). Thus, even if this court found that an inquiry into whether defendants were prejudiced by the delay in service was relevant the court would not engage in such an inquiry since plaintiff has not established good cause for the delay.

■ Having found that good cause does not exist for the delay in serving the defendants with the original complaint, the court must next determine what effect, if any, the filing of the amended complaint more than 120 days after the filing of the original complaint has on defendants' motion to dismiss. Plaintiff relies on *Ahmad v. Independent Order of Foresters*, 81 F.R.D. 722 (E.D.Pa.1979), *aff'd without opinion*, 707 F.2d 1399 (3rd Cir.1983), in support of her argument that her claims are not barred by the failure to serve the original complaint within the 120 day period. Specifically, plaintiff argues that her claims may not be dismissed since she later successfully served the amended complaint.

Plaintiff in *Ahmad* filed his complaint on June 27, 1975. *Id.* at 725. Although a special process server was appointed five days later, he never succeeded in serving defendant. *Id.* Plaintiff's attorney then withdrew from the case and, while substitute counsel was ultimately obtained, it was March 8, 1977 before the amended complaint was filed. *Id.* Defendant moved to dismiss the amended complaint arguing that it should not have been filed without leave of court since the original complaint was never served. *Id.* at 726. The court rejected this argument, noting that under Fed.R.Civ.P. 15(a) a party had the opportunity to amend its complaint once as a matter of course at any time before a responsive pleading had been filed. *Id.*

*Ahmad* is distinguishable from the instant case, however, since it was decided prior to the 1983 amendment to Fed.R. Civ.P. 4(j), adding the 120 day limit on serving a complaint. Thus, unlike plaintiff in the instant case, plaintiff in *Ahmad* was under no time constraint to serve his original complaint. Since the 1983 amendment to Fed.R.Civ.P. 4(j) took effect, courts considering whether a plaintiff may serve an amended complaint outside of the 120 day limit have uniformly held that the amended complaint may not be served unless good cause is shown for the failure to serve the original complaint within the 120 day period. *See e.g., Smith v. Pennsylvania Glass Sand Corp.*, 123 F.R.D. 648, 650 (N.D.Fla. 1988) ("after the Rule 4(j) 120 day period has expired, a trial judge may grant an extension of time to serve a complaint only when the party has satisfied Rule 4(j)'s good cause requirement"); *Baden*, 115 F.R.D. at 586, n. 3 (amended complaint does not toll the 120 day period as to previously named defendants and "[t]he appropriate course is for plaintiff to amend the original complaint after serving it upon the original defendants"); *Boykin*, 109 F.R.D.

at 350 (extension of time in which to serve complaint after 120 day period has expired will be granted only if moving party establishes good cause for the failure to comply with Fed.R.Civ.P. 4(j)).

This interpretation[5] of the good cause requirement of Fed.R.Civ.P. 4(j) comports with common sense: if a plaintiff who had not shown good cause for failing to serve a complaint with the 120 day period was allowed to file an amended complaint after that time period had passed, there would be no incentive to serve the complaint in a timely manner and the purpose of Fed.R.Civ.P. 4(j), to encourage prompt service, would be emasculated. Consequently, this court concludes that plaintiff's attempt to file and serve her amended complaint after the 120 day period had passed does not preserve her original cause of action and service of the amended complaint must be quashed.

### II. Motion for Sanctions

Defendants also seek sanctions against plaintiff and her attorney, pursuant to Fed.R.Civ.P. 11, for having to respond to plaintiff's original complaint. Specifically, defendants argue that the original complaint, filed on July 28, 1989, was filed for the sole purpose of harassing defendants and did not have a reasonable basis in law or in fact. Fed.R.Civ.P. 11 requires that a court assess sanctions if a pleading, motion or other paper is signed by an attorney or party and is not well grounded in fact or warranted by existing law or if it is "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ.P. 11.

Defendants argue that sanctions must be awarded in this case because plaintiff admits that the plaintiff chose to file the complaint so that it would coincide with the sentencing of Preston Kerr, a defendant in this case, and because plaintiff admits that it was not until after the original complaint

was filed and the amended complaint was being contemplated that plaintiff had gathered sufficient information to plead with particularity the requisite elements of a RICO or antitrust claim. *See* Plaintiff's Suggestions in Opposition to the Motion to Dismiss at ¶¶ 4, 11. Defendants conclude that the only inference that may be drawn from these admissions is that plaintiff filed the original complaint for the sole purpose of garnering publicity favorable to her cause and that plaintiff's attorney did not conduct sufficient research prior to filing the original complaint to determine if the allegations were well grounded in fact.

This court has recently noted that "[i]n determining whether an award of sanctions is appropriate ... [a] court must consider 'whether the person who signed the pleading conducted a reasonable inquiry into the facts and law supporting the pleading.'" *Naylor v. Lee's Summit Reorganized School District R-7*, 703 F.Supp. 803, 820 (W.D.Mo.1989) (quoting *O'Connell v. Champion International Corp.*, 812 F.2d 393, 395 (8th Cir.1987)). This inquiry is objective, rather than subjective. *Equal Employment Opportunity Commission v. Milavetz and Associates, P.A.*, 863 F.2d 613, 615 (8th Cir.1988). Since the rule requires the individual signing the document to conduct a reasonable inquiry, a party filing a complaint hoping that discovery will reveal facts supporting the allegations may be sanctioned. *Balfour Guthrie, Inc. v. Hunter Marine Transport, Inc.*, 118 F.R.D. 66, 74 (M.D.Tenn.1987). *See also Nassau–Suffolk Ice Cream, Inc. v. Integrated Resources, Inc.*, 114 F.R.D. 684, 689 (S.D.N.Y.1987) (Rule 11 requires the court to impose sanctions "[w]hen it is obvious from the inadequacies of the proposed pleading that plaintiff's counsel engaged in little or no preliminary factual and legal investigation before filing a proposed pleading"). Similarly, "[b]lind reliance on the client is seldom a sufficient inquiry"

---

5. Courts have reached this result after comparing the "good cause" language of rule 4(j) with Fed.R.Civ.P. 6(b), which provides that a court may grant an enlargement of time to perform an act after the allotted time has expired "where the failure to act was the result of excusable neglect." The courts have concluded that the excusable neglect standard must at least equal the good cause language or the 120 day time limitation would lose all meaning. *See, e.g., Baden*, 115 F.R.D. at 585, n. 2; *Delicata*, 116 F.R.D. at 566.

and sanctions will be imposed if counsel does not take the time to make an inquiry of his own. *Southern Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788 (5th Cir.1986). *Accord Fleming Sales Co., Inc. v. Bailey*, 611 F.Supp. 507, 519 (N.D.Ill. 1985) (lawyers have a responsibility to confer with their clients as to the facts "and not to accept the client's version on faith, but to probe the client in that respect ('reasonable inquiry')").

▮ The instant case has obviously not proceeded to a stage where the court can determine, based on its own examination of the facts, whether the original complaint was warranted. Plaintiff's attorney has admitted, however, that it was not until after the original complaint was filed that he conducted a factual inquiry allowing him to plead plaintiff's claims with sufficient particularity.[6] Thus, the statements contained in Plaintiff's Suggestions in Opposition to Defendants' Motion to Dismiss are essentially admissions of violations of Fed.R.Civ.P. 11.

Even if, however, the court found that plaintiff had established that a reasonable basis existed for the filing of the original complaint, the court would find that sanctions must be assessed based on the Rule 11 language prohibiting the filing of a pleading for an improper purpose. As noted earlier, plaintiff admits that the pleading was filed to coincide with the sentencing of one of the defendants and that plaintiff made absolutely no effort to serve the complaint after it was filed. From these two admissions the court can reasonably conclude that the complaint was filed solely to attract publicity to plaintiff's claims and to harass defendants, and not because plaintiff's attorney had conducted an inquiry revealing that the claims had a reasonable basis in law or in fact.

Indeed, the mere fact plaintiff filed a complaint without attempting to serve it within the 120 day period constitutes evidence that rule 11 sanctions are appropri-

ate. In *Ordower v. Feldman*, 826 F.2d 1569 (7th Cir.1987), the Seventh Circuit affirmed the district court's award of rule 11 sanctions when plaintiffs did not serve defendants until more than 150 days after filing their complaint. *Id.* at 1570. Like plaintiff in the instant case, plaintiffs in *Ordower* attempted to serve defendants after the 120 day service period of Fed.R. Civ.P. 4(j) had expired. The appellate court affirmed the district court's finding that "plaintiffs vexatiously and unreasonably multiplied the proceedings by serving [defendant] even though [they] must have been aware that [defendant] would move to dismiss under Rule 4(j)...." *Id.* at 1574.

The fact that plaintiff's filing of the complaint harassed defendants also warrants Rule 11 sanctions. *See, e.g., Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir.1986); *Teradyne, Inc. v. Clear Communications Corp.*, 707 F.Supp. 353, 357 (N.D.Ill.1989). In the instant case the court concludes that plaintiff's failure to attempt service within the 120 day period, combined with plaintiff's attorney's admissions that the majority of his inquiry into the facts and law surrounding this case did not occur until he began drafting the amended complaint, justifies the imposition of Rule 11 sanctions. Although defendants' attorneys have filed affidavits detailing the fees and costs incurred as a result of the filing of the instant lawsuit, the court will not make a specific sanction award until plaintiff's attorney has had an opportunity to respond to the material contained in those affidavits. Accordingly, it is

ORDERED that defendants' motions to dismiss for failure to serve plaintiff within 120 days are granted. This case is dismissed without prejudice. It is further

ORDERED that defendants' motions for Rule 11 sanctions are granted. It is further

ORDERED that plaintiff's attorney respond to the affidavits submitted by defen-

---

6. The court believes this point is especially important in the instant case, where fraud and criminal activity are alleged. Although plaintiff may have had an "idea" that the claims were

warranted, a complaint alleging fraud may be dismissed if not pled with sufficient particularity. *See* Fed.R.Civ.P. 9(b).

dants' counsel within fifteen days of the date of this order. It is further

ORDERED that defendants' motions to quash service of the amended complaint are granted. It is further

ORDERED that plaintiff's motion for default judgment against defendant David Schlee is denied. It is further

ORDERED that plaintiff's motion for sanctions against defendant David Schlee is denied.