Patricia J. BRULEY, Plaintiff,

v.

LINCOLN PROPERTY COMPANY, N.C., INC., a Texas corporation, Rhonda Miller, in her official and individual capacity, and Unknown Others, in their official and individual capacities, Defendants.

Civ. A. No. 91–B–1380.

United States District Court, D. Colorado.

Dec. 31, 1991.

Richard C. LaFond, Arnold M. Woods, Law Offices of Richard LaFond, Denver, Colo., for plaintiff.

Michael D. Nosler, Kathryn M. Sistrunk, Rothgerber, Appel, Powers & Johnson, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendant Rhonda Miller moves to dismiss this action for failure to comply with the 120 day period for service of process under Fed.R.Civ.P. 4(j). Alternatively, Miller moves to quash service of process for failure to comply with Fed.R.Civ.P. 4(b). The issues are adequately briefed and oral argument will not materially aid their resolution. Because a plaintiff must comply with the federal rules after removal of an action from state court, service of a state court summons is defective under Rule 4(b). However, under Rule 4(j), the 120 day period for serving process starts to run on the date of removal rather than the date the state complaint was filed. Therefore, Miller's motion to quash is granted and her motion to dismiss is denied.

Plaintiff originally filed this action in Arapahoe County, Colorado District Court on June 14, 1991. Plaintiff served a state court summons and complaint on Lincoln Property Co. on July 10, 1991. Lincoln Property Co. removed the action here on August 9, 1991, to which plaintiff acquiesced on September 11, 1991. After finally locating Miller, plaintiff served her with a state court summons and complaint on October 15, 1991. Miller filed this motion on November 4, 1991. Both questions raised by this motion are ones of first. impression for the Tenth Circuit.

## I.

### MOTION TO QUASH

Removal of a state action to federal court immediately divests the state court of jurisdiction. 28 U.S.C. § 1446. Once a case has been removed from state court, I must apply the Federal Rules of Civil Procedure and treat the case as though it were originally commenced here. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 423, 437, 94 S.Ct. 1113, 1123, 39 L.Ed.2d 435 (1974); *Motsinger v. Flynt,* 119 F.R.D. 373, 376–77 (M.D.N.C.1988); 14A Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3738 at 556–57 (1985).

Fed.R.Civ.P. 4(b) requires, *inter alia,* a summons signed by the clerk of the district court under seal of the district court, containing the court's name. It is undisputed here that the summons served on Miller was a state court summons which did not comply with the requirements of Rule 4(b). Miller, therefore, argues that the attempted service of process is defective and should be quashed.

Plaintiff relies on 28 U.S.C. § 1448, which states:

In all cases removed from the State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which service has not been perfected prior to removal, or in which the process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

Plaintiff argues that this statute allows her to complete service of a state court summons after the action is removed to federal court. I disagree.

Although plaintiff's construction of § 1448 is plausible, I read § 1448 as permitting completion of service only in conformity with the federal rules. It is plain that the phrase "in the same manner ..." was meant to modify both the completion of service and the issuance of new process. Moreover, plaintiff's construction does not give effect to the well-settled rule that federal procedure governs after removal. *See*, Fed.R.Civ.P. 81(c), (federal rules govern procedure after removal). Thus, after removal a plaintiff must comply with the requirements of Fed.R.Civ.P. 4 as to any defendant not served before removal. *Motsinger*, 119 F.R.D. at 377; *Dean Marketing, Inc. v. AOC International (U.S.A.), Ltd.*, 610 F.Supp. 149, 152 (E.D.Mich.1985). *But see, Continental Illinois National Bank & Trust Co. v. Protos Shipping Inc.*, 472 F.Supp. 979, 982 (N.D.Ill.1979). I hold that service of a state court summons after removal is not sufficient.

Additionally, my holding furthers Rule 4's fundamental purpose to provide actual notice to a defendant. *See e.g., Direct Mail Specialists v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir.1988). Mere service of a state court summons and complaint on a defendant after removal by a co-defendant does not provide notice that the action is pending in federal court. Indeed, in this action, plaintiff made no attempt to notify Miller that the case had been removed. Therefore, plaintiff's service of process on Miller is defective and it is quashed.

## II.

### MOTION TO DISMISS

■ Miller also moves to dismiss, arguing that she was served two days after the Rule 4(j) 120 day period had run. Plaintiff argues that the 120 day period starts to run on the day the case is removed to federal court and not on the day the action was originally filed in state court. There-

fore, plaintiff contends its attempted service was timely under Rule 4(j). I agree.

Fed.R.Civ.P. 4(j) states:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice....

Colorado does not require service of process within any time limit.

As part of the 1983 amendments to the federal rules, Rule 4(J) was "designed to encourage prompt movement of civil actions *in the federal courts.*" *Russo v. Prudential Insurance Co. of America*, 116 F.R.D. 10, 11 (E.D.Pa.1986), (emphasis added). The rule reflects a federal interest in expediting service of process so that a case can proceed to a determination on its merits. *Bryant v. Brooklyn Barbeque Corp.*, 130 F.R.D. 665, 667 (W.D.Mo.1990), (collecting cases), *aff'd*, 932 F.2d 697 (8th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 638, 116 L.Ed.2d 656 (1991). In the context of an action removed from state court, there is no federal interest in prompt service until the date of removal. *Motsinger*, 119 F.R.D. at 377; Fed.R.Civ.P. 81(c), (federal rules govern after, not before, removal).

No federal interest attached in this case until it was removed. Only upon removal did the case become subject to the federal rules and the federal interest expressed in Rule 4(j) for expedited service of process. A plaintiff in a removed action should have the same 120 days as a plaintiff whose action was originally filed in federal court. In both instances, service must be completed within 120 days after the case comes onto the federal docket. I hold that the Rule 4(j) 120 day service period begins on the date of removal. This rule comports with the purpose of Rule 4(j) to ensure diligent prosecution of civil actions in the federal courts.

Moreover, this rule avoids the potential for real unfairness. Although not present

here, it is possible that 120 days from filing a state complaint could pass without a defendant being served. Then, a defendant could remove the case to federal court and immediately move for dismissal pursuant to Rule 4(j). As the *Motsinger* court stated:

> Using the date a case is removed to federal court [to start the 120 day period] provides an appropriate balance which accommodates the federal interest in insuring that process will be timely served yet does not penalize the plaintiff or give undue advantage to the defendant occasioned solely on account of the removal and the application of a new federal duty to otherwise proper state court conduct.

*Motsinger*, 119 F.R.D. at 377.

██ This case was removed on August 9, 1991. Thus, the 120 day period for service ran on December 9, 1991. The issue then is whether my granting of Miller's motion to quash requires dismissal for failure to perfect service within 120 days. I interpret Rule 4(j) as tolling the 120 day period once a defendant contests the adequacy of attempted service by way of a motion to quash or dismiss. *Brown v. Florida Keys Aqueduct Authority*, 614 F.Supp. 87, 92 (S.D.Ohio 1985). When the motion to quash was filed here on November 4, 1991, plaintiff still had 35 days to perfect service. Therefore, I hold that plaintiff has 35 days from the date of this order to perfect service on Miller in conformity with Fed. R.Civ.P. 4 and this opinion.

Accordingly, IT IS ORDERED THAT:

(1) Defendant's motion to quash is GRANTED;

(2) Defendant's motion to dismiss is DENIED; and,

(3) Plaintiff has 35 days from the date of this order to perfect service of process on defendant.